VANN, HAROLD R. (Ret.) Associate Judge.
The defendant brings this appeal seeking review of the trial court’s orders revoking his probation, adjudging him guilty of resisting an officer with violence to his person and battery on a law enforcement officer, and sentencing him to five years in the state penitentiary.
The order revoking probation stated as grounds therefor the offense of grand theft and failure to make payments to cover cost of supervision, pursuant to Section 945.30, Florida Statutes (1979). The appel *146 lant contends the trial court erred in both of these findings. We agree in part, and find that the trial court erred in revoking the appellant’s probation for non-payment of costs of supervision without a prior and specific finding that the defendant was, in fact, able to make payments for probation supervision. See: Coxon v. State, 365 So.2d 1067 (Fla.2d DCA 1979); Smith v. State, 373 So.2d 76 (Fla.3d DCA 1979); DeLuca v. State, 383 So.2d 751 (Fla.4th DCA 1980). Therefore, we reverse that portion of the revocation order and remand, with directions that the violation be stricken from the order.
However, we will not reverse the order of revocation, as the record herein clearly shows that the offense of grand theft was sufficiently demonstrated so as to satisfy the conscience of the court that the defendant materially violated the terms of his probation. Randolph v. State, 292 So.2d 374 (Fla.3d DCA 1974); Thomas v. State, 358 So.2d 114 (Fla.3d DCA 1978).
Accordingly, we affirm the order revoking the defendant’s probation, except as modified by our reversal of that ground revoking the defendant’s probation for non-payment of costs of supervision.
Affirmed as modified.