McCORD, Judge.
This appeal is from a judgment and sentence finding appellant guilty of probation violation and adjudging him guilty of grand theft, the charge for which he had previously pled nolo contendere and been placed on probation, and sentencing him for such offense. We affirm.
Appellant first contends that the trial court erred in revoking his probation because it lacked subject matter jurisdiction to enter the original order of probation; that the information charging him with grand theft was fatally defective in that it failed to allege that the taking was with the intent to permanently deprive the owner of his property; that such was an essential element of the crime, and, therefore, the circuit court lacked subject matter jurisdiction to enter the original order of probation. This contention is without merit. See Sinclair v. State, 46 So.2d 453 (Fla.1950).
Appellant also contends that the trial court’s written order of revocation of probation is in error in that it does not conform to the trial court’s oral findings; that it finds violations for which there was no evidence presented at the violation of probation hearing. The amended affidavit for violation of probation alleged that appellant had violated Condition 5 of his probation by committing the offenses of burglary of a dwelling and battery upon Ricky Sapp. In addition, it charged appellant with violation of probation by committing a battery upon Mary Jeffries and by committing the offenses of introduction of narcotics into the county jail, possession of marijuana, and possession of quaaludes. At the probation violation hearing, the state introduced evidence only as to the alleged battery upon Ricky Sapp and the burglary. The trial court, at the conclusion of the hearing, only found appellant guilty of those two offenses, but the subsequent order of revocation of probation finds that he violated Condition 5 (three paragraphs) in the amended affidavit. The first of the *783 three paragraphs charged the burglary and the battery upon Sapp. The remaining two paragraphs relate to the other charges upon which no evidence was presented. The state agrees that this was a mistake and that it did not present evidence on the second and third paragraphs. This is an obvious error between the judge’s finding at the conclusion of the hearing and the written order which was later prepared.
The judgment and sentence are affirmed but with directions to correct the order of revocation of probation.
ROBERT P. SMITH, Jr., C. J., and BOOTH, J., concur.