449 So.2d 309 (1984)
David JACKSON, Appellant,
v.
STATE of Florida, Appellee.
No. 83-550.
District Court of Appeal of Florida, Fifth District.
March 15, 1984.
Rehearing Denied May 1, 1984.
*310 James B. Gibson, Public Defender, and James R. Wulchak, Chief, Appellate Div., Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Margene A. Roper, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
David Jackson appeals from an order revoking his probation and his subsequent sentence on three counts.
The written revocation order states that Jackson violated his probation by (1) failing to remain within the designated area of community release, and (2) consuming alcoholic beverages while on work release. Jackson pleaded guilty with an explanation to violation number one, and the lower court properly found that a probation violation had occurred. However, since no evidence was adduced at the revocation hearing to support the alcohol consumption charge, that portion of the order must be stricken. Kemper v. State, 430 So.2d 964 (Fla. 2d DCA 1983); Geri v. State, 415 So.2d 782 (Fla. 1st DCA 1982).
We are unable to determine whether the trial judge would have revoked the probation and imposed the sentence he did based solely on a violation of the first condition. Therefore, we reverse the order of revocation and remand the cause to permit the court to consider whether that violation alone warrants revocation. See Holterhaus v. State, 417 So.2d 291 (Fla. 2d DCA 1982); Watts v. State, 410 So.2d 600 (Fla. 1st DCA 1982); Jess v. State, 384 So.2d 328 (Fla. 3d DCA 1980).
Jackson also contends the trial court erred in refusing him credit for the time he served at the Cocoa Community Correctional Center as a condition of his probation. The court is required to award sentence credit for any time during which the defendant is incarcerated as a condition of probation. State v. Jones, 327 So.2d 18 (Fla. 1976); Sims v. State, 369 So.2d 431 (Fla. 2d DCA 1979), cert. denied, 383 So.2d 1202 (Fla. 1980). We deem the placement in the Cocoa Correctional Center to be an incarceration, requiring credit. See Calhoun v. State, 403 So.2d 1082 (Fla. 1st DCA 1981) (Jacksonville Community Correctional Center seen as adjunct of Duval County Jail with defendant entitled to credit for time he was confined there).
If the court on remand should decide to revoke Jackson's probation, he must be given credit for the time served.
REVERSED and REMANDED.
ORFINGER, C.J., concurs.
SHARP, J., dissents with opinion.
SHARP, Judge, dissenting.
Jackson made a detour to a drugstore while on work release to get medicine for his cold and a toothache. Jackson gave uncontroverted testimony that the counselors gave him permission to go. As a result, he missed the van that was sent to the work site to pick him up. Two hours later, *311 a counselor found Jackson waiting at the work site. For this infraction of the community release program rules, the trial court revoked Jackson's probation and imposed prison sentences totalling eight years. I cannot agree that the record shows a substantial or even a clear violation of probation. Compare Cuciak v. State, 410 So.2d 916 (Fla. 1982), with Holt v. State, 385 So.2d 1133 (Fla. 5th DCA 1980). I would simply reverse.