SHARP, W., J.
Steven McMahill (McMahill) appeals an order which revoked his probation after he pled nolo contendere to two new criminal offenses: driving on a suspended license,[1] and fleeing or attempting to elude an officer.[2] McMahill claims that although the order includes a finding that he violated certain other conditions of his probation, no evidence was adduced at the revocation hearing to establish these violations. We agree and remand for correction.
At the hearing, McMahill admitted to violating his probation by driving with a suspended license and fleeing or attempting to flee a law enforcement officer. He apologized to the judge and offered an explanation as to why he had committed these offenses. He stated he fled because he was scared; he’d just rebuilt his life, his son was coming to live with him, and he could see it all lost. He said it was “stupid” and if he had it to do over again, he would not.
The written order of revocation found that McMahill had violated conditions 1 (monthly report to probation officer), 9 (urinalysis), 10 (participating in self-improvement programs), A 8 (200 hours of community service), FI through F5, F6, F8, and F9 (failure to pay various costs and fees). These violations were alleged in the original affidavit of probation violation, but except for condition 1, were not mentioned during the hearing.
An amended affidavit of probation violation was filed which added two new violations: condition 2 (changing residence or employment) and condition 4 (new violation of law). However, neither of these conditions is included in the revocation order, despite McMahill’s admission that he committed the new offenses.
McMahill argues that conditions for which no facts have been adduced at the revocation hearing must be deleted from the order. Slater v. State, 541 So.2d 178 (Fla. 5th DCA 1989); Jackson v. State, 449 So.2d 309 (Fla. 5th DCA 1984). He suggests that only condition 4, the commission of new offenses, was evidenced at the hearing. The state agrees that the written order should be corrected to reflect the evidence adduced at the violation hearing. However, it claims that violation of condition 1, monthly report to McMahill’s probation officer, was also evidenced at the hearing.
McMahill testified at the hearing he missed his monthly May meeting with his probation officer, a violation of condition 1, because he erroneously wrote the date on his calendar as June, instead of May. He explained that he had been under a lot of pressure at work because his boss had had a heart attack, that he had purchased a farm and had horses and other animals to feed and care for, and that he had been working outside plumbing jobs to make money to pay his expenses. McMa-hill argues this violation was one of negligence on his part, and not one of willfulness. However, we agree with the state that McMahill knew he had to report to his probation officer monthly, thus there was competent evidence to support a finding that his failure to appear was willful. See, e.g., Lynom v. State, 816 So.2d 1218 (Fla. 2d DCA 2002); Strunk v. State, 728 So.2d 320, 321 (Fla. 5th DCA 1999); Schwartz v. State, 719 So.2d 965 (Fla. 4th DCA 1998); *528 Burgin v. State, 623 So.2d 575 (Fla. 1st DCA 1993).
Although the judge made no oral findings during the hearing, McMahill specifically admitted to committing the new criminal offenses, a violation of condition 4. The commission of new criminal offenses is sufficient to revoke a defendant’s probation. Archambault v. State, 789 So.2d 463 (Fla. 5th DCA 2001); Higgs v. State, 470 So.2d 75 (Fla. 3d DCA 1985); Byrd v. State, 390 So.2d 145 (Fla. 3d DCA 1980). However, apart from conditions 1 and 4, there is no basis for finding a violation of conditions 9,10, 8 A, F-l through F-5, F-8 and F-9.
We therefore remand this cause for the purpose of correctly designating the conditions of McMahill’s probation violation, which were alleged, proved at the hearing, and relied upon by the trial judge.
AFFIRMED; But REMANDED for Correction of Sentencing Documents.
HARRIS and ORFINGER, R.B., JJ., concur.

. § 322.34, Fla. Stat. (2001).

. §§ 843.02; 943.10, Fla. Stat. (2001).