365 So.2d 1053 (1978)
Edward Rocky GARDNER, Appellant,
v.
STATE of Florida, Appellee.
No. 77-2155.
District Court of Appeal of Florida, Fourth District.
December 27, 1978.
*1054 Richard L. Jorandby, Public Defender, and Marc E. Kirk, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Benedict P. Kuehne, Asst. Atty. Gen., West Palm Beach, for appellee.
BERANEK, Judge.
Defendant was initially placed on three years' probation following a plea of guilty to the crime of aggravated assault. Defendant was subsequently found to be in violation of probation and sentenced to five years in prison. This appeal questions the validity of the violation of probation. We reverse.
The original order placing defendant on probation required as a condition of probation that he spend six months in the county jail. In addition, the standard conditions of probation were imposed plus certain other special conditions. Most all of the conditions contemplated definite supervision by a probation officer.
Two weeks after the original order the trial court entered an order modifying probation. This order released the defendant from jail and placed him in the custody of his mother. The order stated that probation was to be unsupervised. The order also stated that the defendant had indicated that he wished to return to the State of Missouri and not remain in Florida.
The original order of probation was entered March 15, 1977, and the modification order was entered on March 29, 1977. Defendant was charged within a single affidavit of violating the modified order in not returning to Missouri and with being in possession of a firearm in violation of a condition imposed in the initial order.
After hearing, the trial court found defendant to be in violation of his probation because he had not gone to Missouri and because he was in possession of a .22 caliber rifle.
A condition of probation must be sufficiently definite to advise the defendant of the limits of the restriction. Almond v. State, 350 So.2d 810 (Fla. 4th DCA 1977). A condition which is so vague that the defendant cannot reasonably know what lawful acts he is prohibited from doing is invalid. A person on probation is still entitled to some but not all of the traditional rights of due process. Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), and Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). Here, the condition regarding defendant's return to Missouri was at best vague and ambiguous. There was no definite order that he move his residence in any specific time frame. Further, the transcript of evidence before the trial court shows that the defendant in fact loaded his family into his station wagon and left for Missouri shortly after the order was entered. After he had traveled a short distance, his car sustained a brake failure and he called a friend who came and towed the car home. Defendant then attempted to repair the car but was unsuccessful before being arrested for failing to leave Florida. All of the evidence overwhelmingly showed that the defendant was making reasonable efforts to reach Missouri. Defendant had been released from jail on April 1, 1977, and he was arrested for still being in Florida on April 15, 1977. He was still trying to repair his car when arrested. We reverse the trial court's finding in this regard because the condition of probation was not sufficiently definite to advise the defendant that he had to return to Missouri under pain of violation. Furthermore, assuming the condition valid, the evidence did not show that he failed to comply with it willfully.
Defendant was also found to be in violation of his probation because he was in possession of a firearm. This finding suffers from the same defects. The two probation orders resulted in an impermissibly vague set of conditions with respect to firearms. The initial order contained the following:
"(3) You will neither possess, carry or own any weapon or firearm without first securing the consent of your probation supervisor.

*1055 "* * *
"(10) You will not own, use or have in your possession any weapons."
The order modifying probation placed defendant in the custody of his mother and released him entirely from official supervision. The second order invalidated most of the standard conditions contained in the first order since most conditions were dependent upon participation of a probation officer. Here the defendant could not have known which conditions lapsed. In addition, the evidence presented is once again legally insufficient to find defendant in violation of probation for possession of a firearm even if a valid condition continued to exist.
The conviction below is reversed and the defendant is to be discharged from prison and restored to the status of probation under appropriate conditions to be imposed by the trial court upon remand.
REVERSED AND REMANDED.
DAUKSCH and MOORE, JJ., concur.