COBB, Judge.
At a revocation hearing stemming from charges of child abuse, disorderly intoxication, and battery, the probationer, William Hiers, sought to introduce testimony that he had been advised (albeit erroneously) by his probation officer that he was no longer on probation prior to the alleged criminal offenses. The court rejected this proffered defense as irrelevant, and revoked Hiers’s probation. On appeal from the order revoking his probation, Hiers relies on Gardner v. State, 365 So.2d 1053 (Fla. 4th DCA 1978), contending that his reasonable belief that he was no longer on probation precludes the court from finding a willful violation.
In Gardner the lower court entered a probation order stating that Gardner had indicated a wish to return to Missouri. Shortly thereafter, Gardner was charged with violating the order by remaining in Florida. The evidence adduced at the hearing indicated he was on his way to Missouri when his car brakes failed and he was in the process of having them repaired when arrested. The appellate court stated:
We reverse the trial court’s finding in this regard because the condition of probation was not sufficiently definite to advise the defendant that he had to return to Missouri under pain of violation. Furthermore, assuming the condition valid, the evidence did not show that he failed to comply with it willfully.
365 So.2d at 1054.
Gardner is distinguishable from the instant case. First, unlike Gardner, Hiers does not challenge as vague the probation condition which the court found he had violated, to-wit: to refrain from violating the law. Second, in Gardner, unlike the instant case, the conduct which was the basis for the revocation was legal apart from the probation order. When, as in the instant case, the probationer violates, a probation condition by committing a crime, he demonstrates his unsuitability for probation, notwithstanding his belief that he is no longer on probation.[1] Section 948.01(3), Florida Statutes (1981), provides in relevant part:
If it appears to the court upon a hearing of the matter that the defendant is not likely again to engage in a criminal course of conduct and that the ends of justice and the welfare of society do not require that the defendant shall presently suffer the penalty imposed by law, the court, in its discretion, may either adjudge the defendant to be guilty or stay and withhold the adjudication of guilt, and in either case stay and withhold the imposition of sentence upon such defendant, and shall place him upon probation under the supervision and control of the department for the duration of such probation.
In summary, to allow as a defense to a probation violation stemming from the commission of a crime the probationer’s lack of knowledge regarding his probationary status would “make a mockery of the very philosophy underlying the concept of probation, namely that given a second chance to live within the rules of society and the law of the land, one will prove that he will thereafter do so and become a useful member of society.” Martin v. State, 243 So.2d 189, 191 (Fla. 4th DCA), cert. denied, 247 So.2d 63 (Fla.1971). Accordingly, the order of revocation is
AFFIRMED.
SHARP and COWART, JJ., concur.

. Compare: State v. Stafford, 437 So.2d 232 (Fla. 5th DCA 1983) [8 FLW 2313] (wherein this court found no error in an order revoking probation which was based on Stafford having committed burglary, even though Stafford was not on probation but on parole at the time of the offense).