COBB, Chief Judge.
Barbara Orr’s probation was revoked based on her failure to reside at an approved address and her failure to comply with written instructions to attend a meeting at the probation office. There was no evidence presented that Orr was made aware of the requirement that she’ live at an approved address. Orr testified that she had no knowledge of the condition, or even that she was on probation. The probation officer admitted that as far as he knew no one informed her of the requirement. Under these circumstances, a revocation on this basis is improper. Morgan v. State, 341 So.2d 201 (Fla. 2d DCA 1976). See also Hiers v. State, 440 So.2d 71 (Fla. 5th DCA 1983).
Orr was made aware, however, by written notice, of the requirement that she report to the probation office. She acknowledged at the revocation hearing that she received this notice and ignored it. She testified that she did not know she was on probation. But she was present in court to hear the recitations in the order originally placing her on probation for one year. Subsequently, that order was modified to change the condition that she serve fifty-one months in the county jail and providing her the opportunity to complete her incarceration in a residential treatment center in DeLand, Florida. She left the treatment center and went home to Apopka prior to expiration of the probationary period. Therefore, there was evidence that Orr’s disregard of the probation notice constituted a deliberate violation, for which the trial court could justify revocation. See Shaw v. State, 391 So.2d 754 (Fla. 5th DCA 1980).
We are unable to determine whether the trial judge would have revoked the probation and imposed the sentence he did based solely on Orr’s disregard of the order to appear. Therefore, we reverse the order of revocation and remand the cause to permit the court to consider whether that violation alone warrants revocation. See Jackson v. State, 449 So.2d 309 (Fla. 5th DCA 1984); Holterhaus v. State, 417 So.2d 291 (Fla. 2d DCA 1982); Watts v. State, 410 So.2d 600 (Fla. 1st DCA 1982).
REVERSED and REMANDED.
FRANK D. UPCHURCH, Jr., J., Concurs.
SHARP, J., concurs in part; dissents in part, with opinion.