ORFINGER, Judge.
This appeal is from an order revoking appellant’s probation. We reverse.
Appellant was placed on probation after pleading guilty to felony petit theft for . stealing an alcoholic beverage from a convenience store. He was charged with violating two conditions of his probation: 1) that he attend and successfully complete a designated 28-day alcohol rehabilitation program, and 2) that he consume no alcoholic beverages whatsoever. The trial court found that the evidence presented at the hearing was sufficient to show the violation of both conditions, and revoked appellant’s probation.
Appellant testified that he had not entered the rehabilitation program because an entrance fee of $120 had been instituted, and he did not have the money to pay that fee. A supervisor from the Metropolitan Alcoholism Council (MACO), the organization which ran the 28-day program, testified at the hearing that the reason appellant did not get into that program was because he did not have the up front money. Instead, appellant was placed in a halfway house operated by MACO for less intensive rehabilitation. There, he was expected to attend meetings of Alcoholics Anonymous, remain sober, and observe a curfew. There was evidence presented to support the trial court’s finding that appellant broke his curfew and was intoxicated.
On the issue of appellant’s failure to attend the 28-day program, the State offered no evidence that appellant had the ability to pay the entrance fee. The trial court instead placed on appellant the burden of showing that he did not have the ability to make that payment. This put the burden of proof on the wrong party. The burden is upon the State to show that the probationer had the ability to make a required payment in order to support a revocation of probation for failure to make such payment. Shaw v. State, 391 So.2d 754 (Fla. 5th DCA 1980); Holt v. State, 385 So.2d 1133 (Fla. 5th DCA 1980). Because the imposition of the entrance fee was undisputed, and because the State offered no evidence that appellant had the ability to pay that fee, the order of revocation cannot be supported on that ground.
The finding that appellant violated the probation order by consuming alcohol and becoming intoxicated is a substantial violation and would support the order of revocation. However, we note from the record that the trial court observed that appellant’s criminal conduct is alcohol related and that he is in critical need of alcohol counseling and treatment. Thus we are unable to determine if the trial court would have revoked appellant’s probation on the sole ground that he had been intoxicated. For this reason, we set aside the order of revocation and the sentence, and remand the cause to the trial court for a reconsideration of the issues, and for such further proceedings as are appropriate. See, Orr v. State, 453 So.2d 222 (Fla. 5th DCA 1984). The trial court may take such additional testimony as it may deem necessary to a proper determination of the charges against appellant.
REVERSED and REMANDED.
FRANK D. UPCHURCH, Jr. and SHARP, JJ., concur.