465 So.2d 619 (1985)
Maxine G. HOCKMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 84-1009.
District Court of Appeal of Florida, Second District.
March 20, 1985.
John H. Lowe, Jr., Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee and James H. Dysart, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Chief Judge.
Maxine Hockman appeals an order which revoked her probation and sentenced her to twenty years in state prison. We reverse.
In 1983, the court placed Maxine Hockman on probation after she pleaded guilty to one count of grand theft, first degree, and three counts of grand theft, second degree. The court placed her on fifteen years probation on the first degree charge and five years probation on each of the remaining charges to run concurrent with the fifteen-year probation.
*620 In February of 1984, Hockman's probation officer filed an affidavit stating that Hockman had violated two conditions of her probation. She allegedly violated condition 8 by failing three times to keep appointments to undergo polygraphic examination. Hockman also allegedly violated condition 5 of her probation by misappropriating funds from her employer between August and November of 1983.
During the first probation revocation hearing, the trial judge asked the public defender what was Hockman's position regarding the allegation that she had violated condition 8 of her probation. The public defender responded that Hockman had missed her first appointment because her child was ill, and missed the second and third appointments because she did not have the $100.00 to pay for the lie detector test. The court asked the public defender if he agreed that Hockman had been ordered to make the appearances and failed to do so. The public defender agreed. The court then found Hockman guilty of violating condition 8 of her probation.
The court then took testimony from Hockman's employer and his son regarding the allegation that Hockman violated condition 5 by misappropriating funds while in their employ. After hearing the testimony, the court deferred ruling on the alleged violation of condition 5 in order to give Hockman the opportunity to present defense witnesses.
During a second hearing three weeks later, both the state and the defense presented additional witnesses regarding the alleged misappropriation of funds. At the close of testimony, the defense attorney argued that the evidence revealed that the "victim" himself had at one time made the representation to others, including law enforcement officers, that the money in question was a debt and part of a business transaction and, further, that there was no evidence of misappropriation of funds.
The trial judge then found appellant guilty of violating her probation and immediately sentenced her, in excess of the guidelines, Florida Rule of Criminal Procedure 3.701, to four five-year consecutive terms in state prison. The record does not contain a sentencing guidelines scoresheet. The trial judge did not have a guidelines scoresheet before him at time of sentencing. In the judge's written statement, which was prepared later for his signature, the court wrote that appellant had been placed on probation for economic crimes at least three times before, that she was then presently on probation for embezzlement, that within one day of being placed on probation she began embezzling again, and that she had shown no sign of remorse. The court also noted that it would impose the sentences even if appellant had only been found guilty of violating either condition 8 or condition 5.
After thoroughly reviewing the testimony presented during the probation revocation hearings, we are unable to agree with the trial judge's conclusion that there was evidence that appellant actually misappropriated funds in violation of condition 5. Such a conclusion would be pure conjecture and speculation, especially in light of the fact that the alleged victim had originally told the probation officer and others that the alleged misappropriation was a loan. The testimony also revealed the victim had also signed a notarized document as a release for a "debt."
Further, we do not believe the probation revocation order can be upheld on the ground that appellant violated condition 8 by failing to appear for a polygraph test. The public defender informed the court that appellant had missed her first appointment because her child was ill, and missed her second and third appointments because she did not have the money to pay for the test. In order to prove appellant violated her probation under these facts, the state has the burden of showing that appellant had the ability to pay for the polygraph test. Henderson v. State, 461 So.2d 1008 (Fla. 5th DCA 1984).
The court revoked appellant's probation on April 13, 1984 and, therefore, appellant could elect to be sentenced under the guidelines *621 which went into effect on October 1, 1983. Boyett v. State, 452 So.2d 958 (Fla. 2d DCA 1984). We have not found any evidence in the record that appellant elected to be sentenced under the guidelines. However, apparently the trial judge intended to sentence her under the guidelines as evidenced by his statements of record and by his order stating his reasons for departure from the presumptive sentence. We note that appellant's presumptive guidelines sentence for her four grand theft convictions was three and one-half to four and one-half years, assuming she had no prior convictions. Fla.R.Crim.P. 3.988(f). However, because the record does not contain a copy of the guidelines scoresheet, there is no evidence that the judge was aware of this presumptive guidelines sentence. Cf. Rasul v. State, 465 So.2d 535 (Fla. 2d DCA 1985).
Because we cannot uphold the trial court's conclusion that appellant violated either condition 8 or 5 of her probation, we reverse the trial court's order, set aside the revocation of probation, as well as the judgment and sentence, and remand the matter to the court below for further proceedings consistent with this opinion.
LEHAN, J., and SANDERLIN, JAMES B., Associate Judge, concur.