584 So.2d 1130 (1991)
David SORIA, Appellant,
v.
STATE of Florida, Appellee.
No. 90-1949.
District Court of Appeal of Florida, Fifth District.
August 29, 1991.
James B. Gibson, Public Defender, and Noel A. Pelella, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Nancy Ryan, Asst. Atty. Gen., Daytona Beach, for appellee.
PETERSON, Judge.
David Soria was convicted in case number CF-90-1018 of two counts of driving under the influence resulting in serious bodily injury. He appeals the split sentence imposed for conviction of the second count. He is also dissatisfied with his scoresheet and the orders of restitution totaling $249,999.36. We find merit only in Soria's complaint that his sentence for the second count of DUI resulting in serious bodily injury is illegal.
Soria was sentenced to a five-year prison term for the first count of DUI resulting in serious bodily injury. For the second count, he was sentenced to five years in prison consecutive to the term in count one, followed by seven years' probation. These offenses are each punishable by a maximum of five years in prison. *1131 Sections 316.193(3)(c)2; 775.082(3)(d), Fla. Stat. (1989). The state agrees that the total term of years imposed in a sentence combining incarceration and probation cannot exceed the statutory maximum. State v. Holmes, 360 So.2d 380 (Fla. 1978). A guidelines sentence does not affect this rule. Bernard v. State, 571 So.2d 560 (Fla. 5th DCA 1990); § 921.001(5), Fla. Stat. (1989).
We affirm the judgments and sentences except that the sentence on count two in case number CF-90-1018 is vacated. We remand for resentencing on that count.
AFFIRMED, in part; VACATED, in part; REMANDED.
HARRIS and DIAMANTIS, JJ., concur.