PER CURIAM.
We reverse an order revoking Appellant’s probation. The record does not support a finding of willful violation. There were two allegations; one, that Appellant fell behind in paying costs of supervision and the other, that he communicated with the victim in violation of a restriction on doing so.
The arrearage was made up and the account brought current prior to the hearing. Further, although sketchy, the evidence indicates Appellant’s inability to pay at the relevant times.
As to the communication, we note that but for a voluntary comment made by Appellant to his probation officer there is no proof that the incident even occurred. The Appellant’s comment apparently referred to an innocuous effort to arrange visitation through a mutual friend with Appellant’s child, in the victim’s custody. The child was not a victim. We note that such communication would be allowed under the present, modified, probation order.
We remand for reinstatement of the initial probation order subject to any modifications now permitted as to communicating with the victim through third parties concerning visitation.
STONE, FARMER and STEVENSON, JJ., concur.