666 So.2d 259 (1996)
Altas ALLEN, Appellant,
v.
STATE of Florida, Appellee.
No. 94-2768.
District Court of Appeal of Florida, Fourth District.
January 17, 1996.
Richard L. Jorandby, Public Defender, and Susan D. Cline, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ettie Feistmann, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, Judge.
Appellant, Altas Allen ("Allen"), appeals the trial court's order revoking his community control as a result of two violations of the terms of his community control. We affirm.
Following Allen's no contest plea to two counts of sexual battery/threat of retaliation pursuant to section 794.011(4)(c), Florida Statutes (1993), the court imposed a two-year community control term and a ten-year term of probation. One of the conditions of Allen's community control was that he remain confined to his residence except for one-half hour before and after his employment, public service work or any other special activities approved by his officer.
This appeal arises out of two violations which Allen contends are technical, but which the state maintains are willful and substantial. The first violation occurred on June 25, 1994, when Allen's probation officer visited Allen's home and he was not there. Allen arrived shortly thereafter carrying grocery bags and explained to his probation officer that he needed to go grocery shopping but did not have time to call and ask for permission. Allen did have permission to go to work and then to church on that day, but his stop at the grocery store on the way home from church was unauthorized. The probation officer informed Allen that if he violated the terms of his community control again, a violation report would be filed against him.
Three days later, on June 28, the probation officer returned to Allen's house. Allen's car was in the driveway, but he did not answer the door. Because Allen had permission to be at the church, his probation officer went to the church, but found it closed. Upon returning to Allen's house, the probation officer noticed two cars in the driveway, but Allen still did not answer the door. At the *260 violation hearing, the probation officer acknowledged that Allen was allowed to be in his yard and testified that on prior occasions when Allen did not answer the door, he found Allen outside on the back porch. On June 28, however, the probation officer did not check in the back yard.
We find that the state met its burden of proving that Allen's violations were willful and substantial. See Steiner v. State, 604 So.2d 1265 (Fla. 4th DCA 1992) (willful and substantial nature of violation must be supported by greater weight of the evidence). We do not agree that the violations described above are merely technical violations. Indeed, there was testimony that the probation officer explained the terms of the probation to Allen, that Allen said he understood those terms, and that he was once admonished for not being where he was supposed to be. The greater weight of the evidence showed that on the second occasion Allen was not at church, where he had permission to be, nor at home, where he was otherwise required to be. This is a sufficient basis and we therefore hold that the trial court did not abuse its discretion in revoking Allen's community control. Id.; see also Porras v. State, 651 So.2d 183 (Fla. 3d DCA 1995) (whether to excuse the defendant's violation is within the trial court's discretion).
We affirm the trial court's revocation of Allen's community control, but hold that the resultant sentence of twenty-two years in prison, followed by ten years' probation, exceeds the thirty-year statutory maximum (fifteen years on each count). See Soria v. State, 584 So.2d 1130 (Fla. 5th DCA 1991); see also §§ 794.011(4)(c) and 775.082, Fla. Stat. (1993). Therefore, since it is unclear whether the trial court intended to revoke Allen's probation as well, we remand with directions that the trial court either enter an order revoking Allen's probation or correct the illegal sentence. See Padron v. State, 637 So.2d 378 (Fla. 3d DCA 1994).
AFFIRMED WITH DIRECTIONS.
STONE and POLEN, JJ., concur.