FARMER, Judge.
Defendant was found to have violated probation by failing to comply with certain special conditions. We reverse.
*29 He had been convicted for committing a lewd and lascivious act and sentenced to 1 year of community control, followed by 5 years of probation. His conditions of probation included the following:
“(18) Defendant will remain out of the home for the first year of In-House Arrest and remaining five years of probation. This will only change after the In-House Arrest is completed and it is recommended by both the victim’s therapist and defendant’s therapist that it is in the best interest of the victim and family for the defendant to return to the home.
(19) Defendant can only have contact with the victim with a therapist present or other third party recommended by therapist.
(20) Defendant will be allowed contact with his other children only with the presence of Mrs. Lucinda Drab.” (emphasis supplied)
Nearly two years after sentence was originally imposed, his probation officer [PO] accused him of violating condition 20 by having unsupervised contact with his daughter. He pleaded guilty to the VOP and adjudication was withheld. Ostensibly a new condition was added that he would see his children only in the presence of Lucinda.
Another two years later, the current violation was filed. The court found him guilty on the following allegations:
“failing to answer truthfully all inquiries directed to him by his [PO] ... [in] that he has not provided his actual residence....
“being in the home without recommendation by [the two therapists].... ”
The evidence was that his PO saw his car outside Lucinda’s home several times. On one of those occasions, the PO entered the apartment and found defendant watching television with his children. Lucinda told the PO that defendant was merely visiting his children and did not reside there. She offered to allow the PO to inspect the bedroom to verify that none of defendant’s personal effects were kept in the apartment. Defendant was arrested, and then proceeded to retrieve some prescription medication from a cabinet in the kitchen and his shoes from the bedroom before he was taken away.[1]
Defendant, his therapist, and Lucinda all testified that they understood condition 18 to mean that he could not reside in the home with the children, but that he was permitted to visit them there so long as Lucinda was present. She further testified that he visited the home often, but that he never spent the night there and that he was never alone in the house with the children. In finding that this violation was willful, the trial judge said “the language in paragraph 18 ... is clear and unequivocal. It says you will remain out of the home.”
Paragraph 18 does indeed say that he “will remain out of the home,” but those words are clearly tied to the qualifying phrase “for the first year of community control and remaining 5 years of probation.” We do not agree that this condition as phrased unambiguously gave him notice that he could not visit his children there so long as Lucinda was present. In our opinion, it inartfully states only that he will not be permitted to take up residence in the house with his children unless and until both therapists so recommend.
If the court had intended to impose the greater restriction on him — that his visits with his children could not take place in the house where the children resided, even with Lucinda present — it was obligated to convey that thought with far more precision. While the locution “remain out of the home” may be used frequently among those who work in criminal courtrooms to mean that one may not even visit the home, it is manifestly capable of being reasonably understood by those unlearned in the art as referring only to residence. Conditions of probation, like any other injunction of a court, must be so framed that they leave no room to question or doubt what is being required. They should be free of professional or institutional *30 jargon and constructed instead with the plain, ordinary language that the average citizen is capable of understanding. We do not find the condition at issue here to meet that test.
REVERSED.
STONE and SHAHOOD, JJ., concur.

. Aside from the medication and shoes, there is no evidence that he actually lived in the children’s home. We conclude that the retrieval of those two items is insufficient to support a finding that he had in fact taken up residence there. Moreover the record supports the conclusion that the trial judge did not base the violation on a finding of residence but merely on the visits there.