KLEIN, Judge.
In 1992, the appellant was placed on probation for nine years after pleading guilty to five counts of lewd assault on his son. The trial court found that the appellant violated two special conditions of his probation by having unsupervised contact with the minor victim and by reunifying with his family without the court’s permission. We affirm the revocation of appellant’s probation for having unsupervised contact with the victim, but reverse appellant’s probation violation for reuniting with his family.
“A condition of probation must be sufficiently definite to advise the defendant of the limits of the restriction.” Gardner v. State, 365 So.2d 1053, 1054 (Fla. 4th DCA 1978). This court has recently reiterated that “Conditions of probation, like any other injunction of a court, must be so framed that they leave no room to question or doubt what is being required.” Drab v. State, 679 So.2d 28, 29 (Fla. 4th DCA 1996). Conditions of probation should be constructed “with the plain, ordinary language that the average citizen is capable of understanding.” Drab, 679 So.2d at 29-30.
*851 In our ease, Weston testified that he thought reunification meant that he could not spend the night at the family residence. The judge who originally entered the special condition stated that he interpreted it to mean that the appellant could not visit the family residence if the victim were home. At the probation revocation hearing in front of a different judge, the State argued that by spending long hours at the family residence and engaging in enumerable family activities such as attending church together, eating together, doing yard work with the family, and helping the kids with their homework, the appellant had effectively reunited with his family.
Any one of these interpretations is possible. If the sentencing court had intended to prohibit the appellant from visiting the family residence while the victim were home, it certainly could have done so had it used clear language. However, this probation violation cannot stand. “A condition which is so vague that the defendant cannot reasonably know what lawful acts he is prohibited from doing is invalid.” Gardner, 365 So.2d at 1054.
Accordingly, we strike this violation, but affirm the appellant’s probation violation and sentence for having unsupervised contact with the victim. From the trial court’s oral pronouncement of appellant’s sentence, this court is convinced that the trial court would have imposed the same sentence for either violation separately. See Wilson v. State, 506 So.2d 1170 (Fla. 3d DCA 1987). Nevertheless, we remand for the entry of a proper written order reflecting the violation found. See Taylor v. State, 681 So.2d 910 (Fla. 4th DCA 1996).
Affirmed in part, reversed in part.
GLICKSTEIN and FARMER, JJ., concur.