PER CURIAM.
We reverse the trial court’s revocation of community control as the record does not reflect the state’s having met its burden of proving appellant willfully violated his community control order.
Appellant allegedly violated his order of community control by failing to “promptly and truthfully” answer questions put to him by his community control officer. Appellant submitted a daily activity log on November 19 stating that he was going to pick up his girlfriend at 6:40 p.m. on November 20. According to the activity log, he was not leaving his residence for any other purpose. On November 20, appellant picked up his girlfriend and stopped at the grocery store located in the same shopping center as his girlfriend’s place of employment. Although he may not have had permission to deviate from the activity log, there is no indication from the record that he intended to be untruthful to his community control officer about his activities on November 20 at the time he submitted the activity log on November 19. On November 21, appellant told his community control officer that he stopped at the grocery store next to where his girlfriend worked, which also indicates that he was attempting to comply with the “truthfulness” condition in his community control order.
The state argues that the trial court did not abuse its discretion when it revoked appellant’s community control. In support of it argument, the state refers to Allen v. State, 666 So.2d 259 (Fla. 4th DCA 1996). In Allen, one of the terms of the defendant’s community control was that “he remain confined to his residence except for one-half hour before and after his employment, public service work or any other special activities approved by his officer.” Id. at 259. The defendant violated this condition by leaving his residence without permission. This court affirmed the trial court’s revocation of community control. The state also refers to Porras v. State, 651 So.2d 183 (Fla. 3d DCA 1995) in which a defendant was “away from his residence without permission, contrary to the terms of his community control order.” The Third District Court of Appeal also affirmed the trial court’s revocation of community control.
The instant case is distinguishable from both Allen and Porras. The community control officer did not allege that appellant violated the community control order by going to the grocery store without ‘permission. Although appellant may have violated a condition of community control by failing to seek permission or by deviating from permitted activities, that was not the issue in this case. The issue was whether appellant willfully and substantially violated his order of community control by submitting an activity log on November 19 that he knew was untruthful.
GLICKSTEIN, DELL and GUNTHER, JJ., concur.