722 So.2d 936 (1998)
Jorge Antonio LOPEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 98-0139.
District Court of Appeal of Florida, Fourth District.
December 23, 1998.
Benjamin S. Waxman of Robbins, Tunkey, Ross, Amsel, Raben & Waxman, P.A., Miami, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Debra Rescigno, Assistant Attorney General, West Palm Beach, for appellee.
STONE, C.J.
We affirm Appellant's judgment and sentence as the record reflects evidence legally sufficient to prove willful and substantial violations of his community control. Appellant violated conditions of community control requiring him to answer truthfully all questions put to him by his community control officer, to file a truthful monthly report, and to remain confined in his residence.
Appellant told the community control officer that he was working at a certain business. When the officer conducted a field visit to that business, the employer told him that Appellant had never worked there. Appellant *937 subsequently admitted that he lied. The officer also testified that he conducted a field visit of Appellant's home and found Appellant absent. The next day, Appellant told the officer that he had been at the hospital with his son. In attempting to verify this information with the hospital, the officer discovered that the hospital had no record of it. The officer also testified that the probation office had a twenty-four hour number that Appellant should have called in the event of an emergency. Another community control officer had also visited Appellant's home a week earlier and found no one at home.
The evidence for revocation of community control need only be sufficient to satisfy the conscience of the court that the violation occurred. Horn v. State, 433 So.2d 670, 671 (Fla. 4th DCA 1983). The testimony was sufficient to support a conclusion that Appellant did not truthfully respond to the officer's inquiries. See Roseboro v. State, 528 So.2d 499, 500 (Fla. 2d DCA 1988).
The evidence indicates that Appellant made a conscious decision to leave his residence and made no reasonable effort to comply with the condition. See Llumbet v. State, 698 So.2d 381, 383 (Fla. 4th DCA 1997). Absence from the home without permission supports a finding of a willful and substantial violation of community control. Whether Appellant should be excused for leaving is a matter within the trial court's sound discretion. See id.; Allen v. State, 666 So.2d 259, 260 (Fla. 4th DCA 1996); Turner v. State, 711 So.2d 1321, 1321 (Fla. 5th DCA 1998); Porras v. State, 651 So.2d 183, 183 (Fla. 3d DCA 1995).
The trial court did err, however, in additionally revoking community control based on Appellant's failure to pay costs where the evidence does not indicate that he had the ability to pay at the relevant times. Allen v. State, 662 So.2d 380, 381 (Fla. 4th DCA 1995); Pinder v. State, 653 So.2d 469, 469 (Fla. 4th DCA 1995). Although we strike this ground for the violation, we affirm the judgment and sentence, as it is clear that the trial court would have revoked Appellant's probation even absent the violations based on failure to pay. See Weston v. State, 694 So.2d 850, 851 (Fla. 4th DCA 1997); Wilson v. State, 506 So.2d 1170,1170 (Fla. 3d DCA 1987).
We also reject Appellant's contention that the trial court should have given him credit pursuant to section 921.161(1), Florida Statutes, against his community control term for time served in jail prior to sentencing. This argument has been previously rejected based on the fact that community control is not the equivalent of incarceration. See In the Interest of B.A., 546 So.2d 125, 125-26 (Fla. 1st DCA 1989); Depson v. State, 363 So.2d 43, 44 (Fla. 1st DCA 1978); Smith v. State, 664 So.2d 1076, 1076 (Fla. 2d DCA 1995); see also Chancey v. State, 614 So.2d 18, 19 (Fla. 4th DCA 1993).
KLEIN, J. and OWEN, WILLIAM C., Jr., Senior Judge, concur.