# Third District Court of Appeal

## State of Florida

Opinion filed July 16, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0152
Lower Tribunal Nos. F19-4260, F19-4261, F19-17830
_____

**Brittany Nichole Rossi,**
Appellant,

vs.

**State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Ellen Sue Venzer, Judge.

Carlos J. Martinez, Public Defender, and Shannon Hemmendinger, Assistant Public Defender, for appellant.

James Uthmeier, Attorney General, Daihana Chang, Assistant Attorney General, for appellee.

Before SCALES, C.J., and EMAS[1] and GOODEN, JJ.

_____

[1] Did not participate in Oral Argument.

PER CURIAM.

Probation and community control are a matter of grace—not a right. See Bernhardt v. State, 288 So. 2d 490, 494 (Fla. 1974). The trial court has broad discretion to provide that grace. Id. It equally has broad discretion to revoke it. Id. at 495. Accord Lawson v. State, 969 So. 2d 222, 229 (Fla. 2007). "While this discretion is not unbridled and should not be arbitrarily exercised, it is necessarily broad and extensive in order that the interests of society may be protected against a repeating offender or one who disregards the conditions stipulated for his remaining at large." State ex rel. Roberts v. Cochran, 140 So. 2d 597, 599 (Fla. 1962).

After hearing from several witnesses and assessing their credibility, the trial court found that Appellant Brittany Nichole Rossi willfully violated her community control.[2] See generally § 948.001(3), Fla. Stat. (2019). While there may have been reasons for the violation, the trial court acted within its discretion by revoking her community control. See State v. Carter, 835 So. 2d 259, 262 (Fla. 2002) ("The trial court is in a better position to identify the probation violator's motive, intent, and attitude and assess whether the violation is both willful and substantial."); Lopez v. State, 722 So. 2d 936, 937

_____

[2] Rossi had several prior violations. These include leaving the county of residence without permission and an arrest in another state.

(Fla. 4th DCA 1998) ("Absence from the home without permission supports a finding of a willful and substantial violation of community control. Whether Appellant should be excused for leaving is a matter within the trial court's sound discretion."); Porras v. State, 651 So. 2d 183, 183 (Fla. 3d DCA 1995) ("It is undisputed that the defendant was away from his residence without permission, contrary to the terms of the community control order. This is a sufficient basis for the revocation of community control. Whether, under the circumstances, the defendant's violation should have been excused was a matter for the discretion of the trial court.") (internal citations omitted).

Affirmed.