385 So.2d 1133 (1980)
Marvin Lee HOLT, Appellant,
v.
STATE of Florida, Appellee.
No. 79-1064/T4-550.
District Court of Appeal of Florida, Fifth District.
July 2, 1980.
*1134 Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Chief, Appellate Div., Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and C. Michael Barnette, Asst. Atty. Gen., Daytona Beach, for appellee.
FRANK D. UPCHURCH, Judge.
Appellant has appealed a judgment and sentence of the Circuit Court for Seminole County revoking his probation. The Public Defender has filed an Anders[1] motion and brief, representing to this court that no reversible error appears and requesting leave to withdraw as counsel. This court granted appellant thirty days to file a brief in his own behalf. Appellant has written to this court contending that he was mistakenly sentenced again without credit for time served.
On November 15, 1977, appellant was placed on probation for a term of five years. On February 13, 1979, he was charged with violation of his probation by committing a burglary and failing to pay the costs of his probation.
On appeal of a probation revocation, the only question is whether the court abused its discretion. Bernhardt v. State, 288 So.2d 490 (Fla. 1974). The burden is on the State to show that a probationer was able to make such payments as may have been required by the judgment. See Murrell v. State, 364 So.2d 96 (Fla. 4th DCA 1978). Testimony was received reflecting that appellant had several jobs, and had offered to pay the entire amount after he was charged with the probation violations. His probation officer testified that based upon appellant's income and expenses, he had the ability to pay the supervision costs. As to the other violation, an eyewitness testified that appellant entered her home and attempted to take her purse. This testimony established the elements of burglary and was sufficient to show a violation of the probation requirement "to live and remain at liberty without violating any law." A formal conviction of a crime is not essential before probation can be revoked. Bernhardt v. State at 501.
Appellant is mistaken as to the failure of the court to consider the time served in the sentence. The record reflects that the trial judge announced that appellant was sentenced to five years with credit for the time already served, including the time served under the order of probation. The judgment and sentence reflects 192 days credit for time served was included. There is no error.
AFFIRMED.
COBB and SHARP, JJ., concur.
NOTES
[1] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1976).