391 So.2d 754 (1980)
Eric Tyrone SHAW, Appellant,
v.
STATE of Florida, Appellee.
No. 79-368.
District Court of Appeal of Florida, Fifth District.
December 24, 1980.
*755 James B. Gibson, Public Defender, and James R. Wulchak, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Edward M. Chew, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
Following a hearing on charges of violation of probation, appellant was found guilty and his probation was extended. He contends that the evidence was insufficient to support the charges. We agree and reverse.
The charges can be summarized as follows:
(a) failure to submit report due June 5, 1979;
(b) failure to make payments toward cost of supervision or payments toward fee of court appointed attorney;
(c) failure to report a change of address which took place on June 14, 1979, with his present whereabouts unknown to the probation officer.
Only two witnesses testified at the hearing, appellant and his probation supervisor. With respect to the delinquent report due June 5, 1979, the probation supervisor had directed appellant to personally deliver the report to the probation office in Ocoee. Appellant lived in Orlando. It is undisputed that appellant completed the report in time because his probation supervisor saw the completed report on appellant's dresser when he went to look for him about a week later. His testimony that he had no transportation, thus could not deliver the report was also not disputed. To support a revocation of probation, the violation must be willful as well as substantial. Chatman v. State, 365 So.2d 789 (Fla. 4th DCA 1978). Where a defendant makes reasonable efforts to comply with probation conditions, his failure to do so may not be willful. Gardner v. State, 365 So.2d 1053 (Fla. 4th DCA 1978). As will be seen, slightly more than one week later, the matter of delivery of the report was out of appellant's hands.
Condition (3) of the standard probation order prohibits a change of residence or a move out of the county of a defendant's residence without first procuring the consent of the probation supervisor. On June 13, 1979, appellant was sentenced by the federal court in Orlando to a six-month prison term for an offense committed prior to the crime for which he was placed on probation here. He reported to the Orange County Jail on June 15th and was held there until transferred to a federal prison on June 29, 1979. Since the "change of residence" under these circumstances was involuntary and by virtue of a court order, seeking his probation supervisor's consent would have been a useless act. Kotowski v. State, 344 So.2d 602 (Fla. 3d DCA 1977). The State contends, however, that appellant nevertheless had a duty to advise the supervisor *756 of his whereabouts, citing Watkins v. State, 368 So.2d 363 (Fla. 2d DCA 1979). The facts of this case, however, are distinguishable from Watkins in that here, there is unrefuted evidence that the probation supervisor had been present at appellant's arraignment in federal court and had been advised by appellant's attorney that appellant faced a potential six-month prison term. Thus the failure to specifically advise his supervisor of his whereabouts does not appear to be a willful or substantial attempt to violate his probation.
On the charges of failure to pay, the only testimony in the record is that appellant received one check for $38.00 from employment with a CETA program, that other money which he had earned in that program had not been paid to him and that he never had the money to make the payments. Thus, there is no evidence at all to show that appellant had the ability to make the delinquent payments, and evidence of such ability to essential to support a revocation of probation for failure to make required payments. Holt v. State, 385 So.2d 1133 (Fla. 5th DCA 1980), Coxon v. State, 365 So.2d 1067 (Fla. 2d DCA 1979). The burden is upon the State to show that the probationer was able to make such payments as may have been required by the judgment. Holt, at 1134.
The order finding that appellant violated conditions 1, 2, 3, 8 and 10 of his probation order is reversed, and the case is remanded with directions to restore appellant to his original term of probation.
REVERSED and REMANDED.
DAUKSCH, C.J., and COBB, J., concur.