SHARP, Judge,
concurring in part; dissenting in part.
I agree there was no evidence that Barbara Orr knew she had to live at an approved address as a condition of her probation. However, I also think there was no evidence that she knew she had to obey all the instructions given her by the probation officer in this case as an additional condition of her probation.
Orr’s defense attorney and the state prosecutor, who were present at the original sentencing before Judge Baker, both agreed at the probation revocation hearing that it was never the intent of the sentencing judge to put her on probation. She was sentenced to fifty-one weeks in the county jail and fifty-one weeks on probation in order to send her directly from jail to an alcoholic rehabilitation residential program as soon as an opening occurred. Her lawyer explained it was his understanding that that her probation would end at the same time she got out of jail or such program. She did reside in a rehabilitative center in DeLand, but testified that she was ordered to leave after an argument.
The probation officer testified he did not even know she was in the DeLand pro *224 gram. At no time did any probation officer or court officer talk with Orr about the conditions of her probation, and she was not assigned a probation officer. She was not given a copy of the probation order, and there was no proof the trial judge explained to her any condition of probation. After Orr returned from DeLand to Apop-ka, she did receive a letter from a probation supervisor informing her that she would be in violation of probation if she did not keep an appointment at his office. Although she called the office acknowledging she received the letter, she did not keep the appointment because she did not think she was on probation.
The second trial judge acknowledged that except for the letter belatedly sent by the probation office, Orr was not notified of any conditions of the probation. He also noted she has serious mental and physical health problems. Notwithstanding these facts, the judge revoked her probation and sentenced her to four years in prison. The logic and justice of holding that Orr willfully breached a condition of probation she knew nothing about escapes me. The state must bear some of the blame in this case. I would reverse for failure to establish a willful and substantial breach of any condition of her probation. Shaw v. State, 391 So.2d 754 (Fla. 5th DCA 1980).