HERSEY, Judge.
Alfreddie Grant petitions this court for issuance of a writ of habeas corpus to review the revocation of his parole by respondent Florida Parole and Probation Commission.
Petitioner was charged with violating condition ten of his probation, which stated that he must comply with all instructions given him by his parole supervisor, when, on March 28, 1984, he failed to immediately report to his supervisor upon her instruction to do so. On that date, petitioner had a domestic quarrel with his wife, following which petitioner’s parole supervisor spoke with petitioner on the telephone and requested that he immediately come to her office. Petitioner did not comply with the request, because he was on medication at the time and was unable to drive.
Petitioner’s parole supervisor, after waiting a reasonable time, went to petitioner’s home to ascertain why her summons had been ignored. She became satisfied with petitioner’s explanation and recommended against revocation of his parole. Petitioner’s version of the facts is uncontradicted. The violation was both insubstantial and unintentional.
Petitioner’s parole should not have been revoked absent evidence that he willfully violated a condition of parole. Shaw v. State, 391 So.2d 754 (Fla. 5th DCA 1980); Chatman v. State, 365 So.2d 789 (Fla. 4th DCA 1978). In Shaw, the appellant failed to timely submit a report to the probation office because he lacked transportation. The appellate court found insufficient evidence to support a finding that such violation of parole was willful. A similar situation is presented in the instant case, where petitioner was unable to drive and was forced to rely on other means of transportation. There is no showing that he willfully violated a condition of his parole.
We therefore grant the petition for writ of habeas corpus and direct that petitioner be released from custody within a short time upon such reasonable conditions as may be imposed by the Commission.
GRANT THE PETITION FOR WRIT OF HABEAS CORPUS.
ANSTEAD, C.J., and LETTS, J., concur.