WILLIS, BEN C. (Ret.) Associate Judge.
An appeal from an order revoking appellant’s probation and sentencing her to 364 days incarceration with credit for time served. We affirm as modified. .
Appellant pled guilty to a charge of resisting an officer without violence and was placed on probation for 1 year. On March 22, 1984, she was charged with violating several conditions of probation, namely failing to submit her monthly reports in a timely manner, failing to pay court costs, failing to perform public service hours, and several other counts relating to failure to pay statutory fees. At the probation revocation hearing, appellant’s probation officer testified that appellant had been late in filing reports, or had failed to file them altogether, had done only sporadic public service work, and had failed to pay her monthly statutory fees. Appellant testified that she had transportation problems which prevented her from filing her reports. She also testified that for at least a portion of her probation period, she had a job which paid $3.35 a hour for 39 hours a week. At the end of the hearing, the judge found her in violation of probation, and at a later sentencing hearing ordered her incarcerated for 364 days with credit for time served.
Appellant contends that she was unable to meet her various obligations because she had transportation problems. She relies on Shaw v. State, 391 So.2d 754 (Fla. 5th DCA 1980), where a probationer was required to deliver his monthly report personally a great distance away. Unre-futed evidence in that case showed that the probationer completed the report timely, *211 but had no transportation. Failure to submit timely reports under these circumstances was not a willful violation of probation. Id. The present case shows no such extenuating circumstances. The appellant was not required to personally deliver her reports. In addition, the record does not disclose that her transportation problems arose to the level of those in Shaw.
Appellant next contends that the trial court erred in failing to make an affirmative finding that she was financially able to pay the cost of supervision and other statutory fees. We agree. Depson v. State, 363 So.2d 43 (Fla. 1st DCA 1978). However, in view of the clear violations which were not defensible, the order of revocation is affirmed but modified by deleting any reference to appellant’s failure to pay costs and other monetary assessments. Smeltz v. State, 396 So.2d 811 (Fla. 5th DCA 1981). It is so ordered.
AFFIRMED.
BOOTH, C.J., and ZEHMER, J., concur.