PER CURIAM.
This cause is before us on appeal from an order finding appellant in violation of four conditions of his probation, revoking his probation, and sentencing him to concurrent terms of three years of incarceration.
We affirm the revocation of probation but remand with instructions to delete the violation of condition two and to correct the written order, making it consistent with the oral pronouncement.
The evidence indicates that the trial judge inquired into the financial status of defendant, yet no specific finding of his ability to pay costs of supervision was made. As stated by this court in Jones v. State, 360 So.2d 1158 (Fla. 1st DCA 1978), for an order of probation requiring payment of costs to be enforceable, the court must find that the indigent defendant’s financial condition is such that payment can be made. The court should specifically determine whether defendant had the ability to pay costs during the probationary period, based on findings of fact as to defendant’s financial condition both at the time the probation order was entered and at the present time. In the instant case, we do not remand for reconsideration of the revocation order as appellant’s revocation is supported by ample evidence. Boyink v. State, 480 So.2d 210 (Fla. 1st DCA 1985).
However, remand is necessary for the ministerial function of correcting the written order so that it comports with the court’s oral pronouncement regarding condition three.
Accordingly, the order is remanded for correction of the matters referred to, but revocation of probation is otherwise affirmed.
BOOTH, C.J., ZEHMER, J., and BEN C. WILLIS (Ret.), Associate Judge, concur.