585 So.2d 473 (1991)
James McLAURIN, Appellant,
v.
The STATE of Florida, Appellee.
No. 90-2100.
District Court of Appeal of Florida, Third District.
September 10, 1991.
*474 Bennett H. Brummer, Public Defender, and Robert Kalter, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Eric Bruce and Michael J. Neimand, Asst. Atty. Gen., for appellee.
Before NESBITT, FERGUSON and GERSTEN, JJ.
PER CURIAM.
We affirm the trial court order revoking defendant's probation and sentencing him to a guidelines sentence of nine years for armed kidnapping. At defendant's hearing, the state sought to revoke defendant's probation by presenting evidence that the defendant had committed the new offense of aggravated child abuse while on probation and that he had failed to report to his probation officer for four months. In his ruling the trial judge stated: "I am going to give him a straight nine years. If the aggravated child abuse case had been actually proved more to the Court's satisfaction I probably would have sentenced him to a higher amount."
Clearly, the trial judge did not base the revocation on a finding that the state had met its burden of proving child abuse by the greater weight of the evidence. He revoked probation and entered the guidelines sentence based solely on proof of the defendant's failure to make monthly reports to his probation officer. This alone was an adequate ground to support the revocation. See May v. State, 472 So.2d 890 (Fla. 4th DCA 1985); Miller v. State, 444 So.2d 523, 526 (Fla. 1st DCA 1984); Aaron v. State, 400 So.2d 1033 (Fla. 3d DCA), review denied, 408 So.2d 1095 (Fla. 1981).
Affirmed.