SHAHOOD, Judge.
Appellant, John Hollis, entered a plea of nolo contendere to the charge of “aggravated battery with a deadly weapon,” in violation of section 784.045(1)(a), Florida Statutes (1993) as charged in the information. Appellant was convicted of aggravated battery with a deadly weapon as a first degree felony and was sentenced to a prison term of twenty (20) years. We reverse and remand for re-sentencing as a second degree felony, finding that the trial court erred when it enhanced the charge from a second degree felony to a first degree felony pursuant to section 775.087, Florida Statutes (1993).
Under section 775.087, Florida Statutes (1993), a second degree felony may be reclassified as a first degree felony if, during the commission of the offense, the defendant used or possessed a weapon or firearm, unless use of the weapon or firearm is an essential element of the offense. In the instant case, appellant was found guilty of aggravated battery with a deadly weapon, which would not permit reclassification since possession of a weapon or firearm is an essential element of the offense. However, the difficulty raised in this case results from the inconsistency in the charging document which appears to indicate that appellant was being charged with aggravated battery with great bodily harm, which would permit reclassification.
The Information charged appellant with “aggravated battery-deadly weapon” in violation of section 784.045(1)(a). However, section 784.045(1)(a) applies to aggravated battery with great bodily harm, while section 784.045(1)(b) applies to aggravated battery with a deadly weapon. Moreover, while the caption of the Information charges appellant with aggravated battery with a deadly weapon, the body of the charging document is unclear as to whether appellant is being charged with aggravated battery with a deadly weapon or aggravated battery with great bodily harm.
Despite this inconsistency, we find that appellant was charged with, and convicted of, aggravated battery with a deadly weapon, a charge which does not allow reclassification. In addition to the charging document which indicates by both the caption and narrative that he was charged with aggravated battery with a deadly weapon, the written plea form *1259 signed by the appellant, the plea colloquy, and the presentence investigation report all reference that the appellant was entering a plea to aggravated battery with a deadly weapon and not to aggravated battery with great bodily harm. Moreover, the factual basis for the plea, the repeated stabbing of a fellow inmate, establishes that the aggravated battery was by the use of a deadly weapon. Finally, the judgment entered by the court states that the appellant entered a plea of nolo contendere to aggravated battery with a deadly weapon. Thus, the totality of the circumstances indicates that Hollis was charged with and pled to aggravated battery with a deadly weapon consistent with section 784.045(1)(b).
Since we find that appellant was convicted of a crime in which the use of a weapon or a firearm is an essential element of the offense, the trial court improperly reclassified the second degree felony conviction to a first degree felony in contravention of section 775.087, Florida Statutes. See Lareau v. State, 578 So.2d 813 (Fla.1991); Moore v. State, 616 So.2d 168 (Fla. 4th DCA), review denied, 629 So.2d 134 (Fla.1993).
Accordingly, we reverse and direct the trial court to resentence the appellant based on the plea to aggravated battery with a deadly weapon, a second degree felony.
REVERSED and REMANDED.
STONE and PARIENTE, JJ., concur.