PER CURIAM.
We must affirm the order revoking appellant’s probation for his wilful failure to make full and truthful monthly reports to his probation officer where there was a legally sufficient basis in the record to support the court’s finding in this regard. Aaron v. State, 400 So.2d 1033, 1035 (Fla. 3d DCA), *709 rev. denied, 408 So.2d 1095 (Fla.1981); see also Jordan v. State, 610 So.2d 616, 618 (Fla. 1st DCA 1992); McLaurin v. State, 585 So.2d 473 (Fla. 3d DCA 1991); McPherson v. State, 530 So.2d 1095 (Fla. 1st DCA 1988); May v. State, 472 So.2d 890 (Fla. 4th DCA 1985). We must remand this cause, however, for the court to strike that portion of the written order which finds that appellant violated his probation by failing to pay the monthly costs of his supervision since this does not conform with the court’s oral pronouncements.
Affirmed but remanded with instructions.