711 So.2d 54 (1998)
Cheryl A. DILLER, Appellant,
v.
STATE of Florida, Appellee.
No. 97-919.
District Court of Appeal of Florida, Fifth District.
March 27, 1998.
Rehearing Denied May 21, 1998.
James B. Gibson, Public Defender, and Nancy Ryan, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Allison Leigh Morris, Assistant Attorney General, Daytona Beach, for Appellee.
*55 HARRIS, Judge.
Diller was on community control/probation on two cases: one, delivery of cocaine and two, delivery of cocaine, trafficking in cocaine and conspiracy to traffic. She had once before pled guilty to violating her probation only to be returned to community control/probation. She now appeals her prison sentence for again violating the conditions of her community control/probation.
Diller was violated this second time for, among other reasons, failing to file her monthly reports for July and August, 1996.[1] Even though she challenges the other reason for her violation, she concedes for the purpose of this appeal that she did not file the two monthly reports. She contends that the failure to file the reports is not a substantial violation which would warrant terminating her community control/probation and sending her to prison. We disagree and affirm.
Her contention primarily is that the judge used the wrong standard in determining that a substantial violation had occurred because he stated that to him all violations were material. It was the judge's position that since probation is a matter of grace and not of right then all violations of conditions of probation are material. The trial judge is not alone in this thinking. The court in Robinson v. State, 442 So.2d 284, 286 (Fla. 2d DCA 1983), stated the trial court's authority in this way:
Probation is a matter of grace rather than right. The trial judge has broad discretionary power to grant as well as revoke probation.
We agree that if a condition of probation is valid, then the trial judge should have the discretion to consider the violation of such condition to be material. That is particularly true of the requirement to file monthly reports. It is through these reports that continuing supervision over one on probation is maintained. If the court can not insist that these reports be filed, then probation ceases to be a viable alternative to incarceration.
Although section 948.06(4), Florida Statutes (1995) refers to a violation being "material," it does not change the law that it is the trial judge, at least in the first instance, that should make that determination. In Griffin v. State, 603 So.2d 48, 50 (Fla. 1st DCA 1992), the court held: "A trial judge who has prescribed probation ... is authorized to exercise discretion in deciding whether the violation justifies a revocation of probation." We find the trial judge herein exercised his discretion reasonably.
AFFIRMED.
GRIFFIN, C.J., concurs.
W. SHARP, J., dissents, with opinion.
W. SHARP, Judge, dissenting.
I respectfully dissent. I think the state failed to allege and prove a "material" violation of probation. Reliance on miscellaneous uncharged violations to buttress the result in this case is patently unfair. See Moser v. State, 523 So.2d 783 (Fla. 5th DCA 1988).
The grounds charged and alleged by the state were: 1) Diller's failure to file monthly reports for July and August of 1996; 2) moving from her designated residence; 3) being arrested for failure to appear at a court hearing on September 4, 1996, and 4) failure to pay court costs. After a contested hearing, the court based its finding of violation on only two grounds: 1) failure to file monthly reports for July and August; and 2) Diller's arrest for failure to appear at a court hearing on September 4, 1996.
With regard to the second ground, there is inadequate evidence in this record to support the court's finding of probation violation. The nature of the court proceeding which gave rise to Diller's arrest for failure to appear is unclear. The best that can be gleaned from this sparse record is that the contempt of court citation issued from the juvenile court in connection with a termination of parental rights case, involving Diller's children. The contempt may have been civil or criminal. Termination cases as well as dependency proceedings permit trial *56 courts to issue orders affecting the day-to-day lives of parents who appear before them. This citation does not indicate that Diller violated any law of this state. Thus, it is not a proper basis to revoke probation.
With regard to the first ground, I submit a material violation was not proved. The probation officer admitted that Diller filed a report in July, although he claimed it was "for June." Diller testified she filed reports in both July and August, by going to the probation office and delivering them personally. The probation officer did not deny her testimony but merely stated he had only one report in his file for those months, dated July 9.
Diller testified she called her probation officer at the end of July to tell him she was moving from her designated residence. She was told to come into the office and change the address on her report, and that would suffice for her report for July. A witness corroborated he overheard this conversation on the speaker phone. The probation officer denied having had the conversation.
Diller testified she came to the probation office on August 2d. A witness testified he accompanied Diller to the probation office on that occasion as well as numerous prior times. The probation officer testified that Diller must have seen someone else when she came to the office in August.
In my view, the finding that Diller failed to file a report for July was not proved. It was not disputed that she filed a report on July 9th. In the violation affidavit, the document ambiguously claimed she failed to file a report "for July." Any doubt about charging documents should be given to the defendant. Hollis v. State, 659 So.2d 1257, 1258 (Fla. 4th DCA 1995) (reversal where charging document unclear). See also Harrington v. State, 570 So.2d 1140 (Fla. 4th DCA 1990) (probation may not be revoked for marijuana use when affidavit alleges cocaine use). Further, it was not disputed that Diller came to the probation office on August 2nd and changed her address, intending that to be her report for that month. Thus, what this case boils down to is Diller's disputed failure to file her report for August, in September. However, she was arrested and jailed before it was due to be filed.
Failure to file monthly reports may or may not be found to be a substantial violation of probation. Compare Hilton v. State, 469 So.2d 932 (Fla. 3d DCA 1985) with Chappell v. State, 429 So.2d 84 (Fla. 5th DCA 1983). See also McLaurin v. State, 585 So.2d 473, 474 (Fla. 3d DCA 1991); May v. State, 472 So.2d 890 (Fla. 4th DCA 1985). If combined with other violations, failure to file reports may be viewed as a substantial and material violation. Chappell. However, as set forth above, no other violations were established in this case.
Several cases have held that failure to file monthly reports alone is a substantial violation of probation sufficient to support a revocation. Burgin v. State, 623 So.2d 575 (Fla. 1st DCA 1993); McPherson v. State, 530 So.2d 1095, 1097 (Fla. 1st DCA 1988); Sampson v. State, 375 So.2d 325 (Fla. 2d DCA 1979). But those cases were apparently decided before section 948.06(3), Florida Statutes (1995) became effective. Section 948.06(3) provides:
Notwithstanding any other provisions of this section, ... a probationer or an offender in community control who is arrested for violating his probation or community control in a material respect may be taken before the court in the county or circuit in which he was arrested.
Clearly the law now requires a finding that a violation is substantial and material in order to support a violation determination. I respectfully disagree with the trial judge and the majority opinion in this case that there is not such a thing as a "minor violation" of probation. See Shaw v. State, 391 So.2d 754 (Fla. 5th DCA 1980). In my view, the only violation of probation in this case, as alleged and proved by clear and convincing evidence, was Diller's failure to file for the month of August, in September. Under the circumstances established in this case, I do not think this was substantial or material.
NOTES
[1] The probation officer testified that not only had Diller totally failed to file her July and August reports, she was late in filing her June report and also had not filed reports for April and May.