711 So.2d 137 (1998)
Eric RAWLINS, Appellant,
v.
STATE of Florida, Appellee.
No. 97-1135.
District Court of Appeal of Florida, Fifth District.
May 1, 1998.
James B. Gibson, Public Defender, and Thomas J. Lukashow, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Simone P. Firley, Assistant Attorney General, Daytona Beach, for Appellee.
HARRIS, Judge.
Rawlins pled to introduction of contraband into a county detention facility and was sentenced to probation with a condition that he successfully complete a substance abuse program at the Altamonte Center for Counseling Services. Because Rawlins had difficulties obtaining transportation, his probation officer agreed to accept the completion of a program at Family Counseling which was within walking distance for Rawlins. He failed to complete the program and a violation was filed. The judge found that Rawlins violated probation and sentenced him to incarceration. Rawlins raises two points on appeal. We affirm.
First, Rawlins contends that he voluntarily missed only two sessions of the program and that this did not amount to a material violation. We conclude that a judge may find that two unexcused absences from a treatment program may indeed amount to a material violation. See Diller v. State, 1998 WL 135136, 711 So.2d 54 (Fla. 5th DCA March 27, 1998).
*138 Rawlins next contends that since the court ordered him to attend counseling at the Altamonte Center for Counseling Services, the probation officer had no authority to substitute the program at Family Counseling. Even though the probation officer may have had no authority to amend the court's direction to attend the Altamonte program, Rawlins has no standing to object.[1] Rawlins admits that he did not complete the Altamonte program and does not suggest that his failure to do so was because the probation officer permitted him to substitute a program closer to home. Since Rawlins did not complete drug counseling through either program, we affirm the trial court's revocation of probation.
AFFIRMED.
GRIFFIN, C.J., and THOMPSON, J., concur.
NOTES
[1] If the trial judge has a problem with what appears to be the probation officer's act of compassion, then the remedy is with him.