728 So.2d 320 (1999)
Angela STRUNK and Robert Strunk, Appellants,
v.
STATE of Florida, Appellee.
Nos. 98-2329, 98-2330.
District Court of Appeal of Florida, Fifth District.
February 26, 1999.
James B. Gibson, Public Defender, and Rebecca M. Becker, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Maximillian J. Changus, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, M., Senior Judge.
Angela and Robert Strunk, husband and wife, appeal separate orders violating their probation and sentencing each of them to six months of incarceration. They separately appeal, and because the trial court held one hearing as to both defendants, we have consolidated both cases for our review, and affirm.
*321 Both appellants had been convicted on various drug charges, and were placed on supervised probation. After several months, affidavits were filed charging each of them with violation of certain conditions of their probation. Both were charged with failure to submit a report to the probation officer for the month of December, 1997, and with failure to pay certain costs of investigation and court costs. In addition, Angela Strunk was charged with failure to comply with treatment conditions at the Altamonte Center for Counseling Services. At the consolidated hearing Robert Strunk did not testify. Angela Strunk testified and verified the probation officer's testimony that both she and her husband had failed to report to the probation office in January, 1998 and had not submitted a written report for the previous month. Although she gave extensive testimony as to her financial condition and her husband's lack of finances to evidence their combined inability to meet the financial conditions of probation, she offered no reason whatever for failure to file the written report as required. When asked why she and her husband had failed to appear at the probation office and file their written report, she replied "I don't know."
The trial court dismissed all charges against both appellants except that for failure to file the reports, found that such failure was wilful and substantial, revoked their probation and sentenced each to a term of six months in jail. Appellants now argue that the failure to file a single monthly report cannot be considered a substantial violation of probation.
In Shaw v. State, 391 So.2d 754 (Fla. 5th DCA 1980), cited by appellants, we held that the failure to file a monthly report was not a wilful violation, and would thus not support revocation of probation, where the undisputed testimony was that appellant had prepared the report but circumstances beyond his control prevented him from delivering it. We recognized the principle that where a defendant makes reasonable efforts to comply with probation conditions, his or her failure to do so may not be wilful. 391 So.2d at 755. Those are not the facts here, where no explanation at all was given for the failure to comply.
In Diller v. State, 711 So.2d 54 (Fla. 5th DCA), rev. denied, 719 So.2d 892 (Fla.1998), after recognizing that probation is a matter of grace rather than right, this court said:
"We agree that if a condition of probation is valid, then the trial judge should have the discretion to consider the violation of such condition to be material. That is particularly true of the requirement to file monthly reports. It is through these reports that continuing supervision over one on probation is maintained. If the court cannot insist that these reports be filed, then probation ceases to be a viable alternative to incarceration." 711 So.2d at 55.
Finally, we agree with the holding of the Fourth District in Schwartz v. State, 719 So.2d 965 (Fla. 4th DCA 1998), that the failure to file a monthly report can be a sufficient ground for revocation of probation.
AFFIRMED.
PETERSON, J., concurs.
W. SHARP, J., dissents, without opinion.