W. SHARP, J.,
dissenting.
I respectfully dissent. In this case, Thomas’ probation was revoked by the trial court for two reasons: (1) he failed to make payments required by the terms and conditions of his probation (restitution, court costs, and cost of supervision); and (2) he failed to report to his probation officer, as the evidence showed, by not filing his monthly reports for November and December of 1997.
If probation is revoked for failure to make payments, “there must be a determination that the person has or has had the ability to pay but has willfully refused to do so.” Stephens v. State, 630 So.2d 1090, 1091 (Fla.1994); Cherry v. State, 718 So.2d 294, 295 (Fla. 2d DCA 1998). The evidence in this case fails to support a finding that Thomas had the ability to pay. The sole evidence established that Thomas was unemployed and there was no evidence his unemployment was voluntary.
Thus the question in my mind is would the trial judge have revoked Thomas’ probation for merely having failed to file two monthly reports in 1997? I agree under current case law from this court, the trial judge could have done so. See Diller v. State, 711 So.2d 54 (Fla. 5th DCA), rev. denied, 719 So.2d 892 (Fla.1998).
However, I would remand this cause to the trial judge to make that determination. Whidden v. State, 701 So.2d 1224 (Fla. 1st DCA 1997), cause dismissed, 727 So.2d 915 (Fla.1998); Smith v. State, 664 So.2d 72 (Fla. 3d DCA 1995). As Judge Cowart of this court used to say, probation is a matter of GRACE. But whether to do away with it addresses the trial judge’s sense of equity and discretion. I would rather he or she make that call in a close case, such as this one.