W. SHARP, J.
Perry appeals from the court’s determination that he violated his probation from his life sentence. We affirm.
In 1987, Perry was indicted for first degree murder and later entered a plea to second degree murder. Perry was adjudicated guilty and sentenced to “life imprisonment in the Department of Corrections, with credit for 247 days time served, all except 27 years is suspended, if completes life probation.”
In March 1997, after serving a little more than nine years in prison, Perry was placed on probation. In March 1998, he was charged with violating numerous conditions of his probation.
Perry first contends that the evidence was insufficient to support revocation of his probation. We think the evidence adduced at the hearing was sufficient to support the trial court’s finding that Perry violated his probation by failing to file his required written monthly reports and by moving from his residence without his probation officer’s consent. See Diller v. State, 711 So.2d 54 (Fla. 5th DCA), rev. denied, 719 So.2d 892 (Fla.1998); Edwards v. State, 444 So.2d 581 (Fla. 5th DCA 1984); Chappell v. State, 429 So.2d 84 (Fla. 5th DCA 1983).
Next Perry argues that his life sentence must be reversed. Perry contends that he agreed to a two-cell upward departure sentence (a range of 22-27 years in prison) when he entered into his plea agreement. Following the revocation of probation, Perry argues that the court was limited to a one-cell bump up from that level (a range of 27 to 40 years). Thus the life sentence he received was a departure which must be reversed because no written reasons for departure were given.
The state argues this issue was not preserved because defense counsel did not object on the ground raised on appeal. Maddox v. State, 708 So.2d 617 (Fla. 5th DCA 1998), rev. granted, 728 So.2d 203 (Fla.1999). Since we are bound by Maddox, we cannot review the sentencing issue as part of the direct appeal. Nor should we consider this issue on appeal in the guise of ineffective assistance of counsel. See Seccia v. State, 720 So.2d 580 (Fla. 1st DCA 1998), rev. granted, 727 So.2d 910 (Fla.1999).
AFFIRMED.
COBB and GRIFFIN, JJ., concur.