775 So.2d 320 (2000)
Otis BUTLER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-3219.
District Court of Appeal of Florida, Second District.
May 19, 2000.
*321 James Marion Moorman, Public Defender, and Tosha Cohen, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Jennifer R. Haymes, Assistant Attorney General, Tampa, for Appellee.
BLUE, Judge.
Otis Butler appeals the revocation of his probation and argues that his violations were neither willful nor substantial. We agree and reverse.
The trial court found that Mr. Butler violated probation by failing to file a monthly report and by failing to enroll in educational classes. Probation can be revoked only on the basis of a willful and substantial violation, which must be shown by the greater weight of the evidence. See Sanders v. State, 675 So.2d 665 (Fla. 2d DCA 1996). This court has held that the technical omission of failing to submit one monthly report, by itself, does not support revocation because it is not a substantial violation. See Sanders. See also Glenn v. State, 558 So.2d 513 (Fla. 2d DCA 1990). But see Williams v. State, 728 So.2d 287 (Fla. 2d DCA 1999) (citing First District case for proposition that failure to file monthly reports is sufficient basis to revoke probation). We conclude that this violation alone would not support revocation of Mr. Butler's probation because it was not a substantial violation.
The trial court also found that Mr. Butler had failed to enroll in GED classes. From the evidence at the revocation hearing, it appears that Mr. Butler's failure to comply with this condition resulted from confusion regarding the requirement and because of a transportation problem, not because of a deliberate act of misconduct. See McCoy v. State, 730 So.2d 803 (Fla. 2d DCA 1999). Furthermore, the condition did not specify a time by which the classes were to begin and the probation officer did not specify a date certain for compliance. See Salzano v. State, 664 So.2d 23 (Fla. 2d DCA 1995) (reversing revocation where condition did not specify period within which completion of counseling was required). We conclude that the evidence failed to show a willful and substantial violation of this condition.
Accordingly, we reverse the revocation and remand for the trial court to reinstate Mr. Butler's probation.
CAMPBELL, A.C.J., and SALCINES, J., Concur.