SCHWARTZ, Chief Judge.
Although the defendant claims otherwise, it is clear that his failure to make two required monthly reports to his probation officer justifies the revocation of probation under review. See Robinson v. State, 773 So.2d 566 (Fla. 2d DCA 2000); Butler v. State, 775 So.2d 320 (Fla. 2d DCA 2000)[1]; *815 Williams v. State, 728 So.2d 287 (Fla. 2d DCA 1999); Jordan v. State, 610 So.2d 616 (Fla. 1st DCA 1992). See Jess v. State, 384 So.2d 328, 329 (Fla. 3d DCA 1980).
Affirmed.

. It is not necessary in this’ case to express our view as to how the conflict between our siblings concerning the effect of the failure to submit a single report should be resolved. Compare Carter v. State, - So.2d - (Fla. 1st DCA Case no. 98-2881, opinion filed, April 30, 1999)[24 FLW D1063], review granted, 740 So.2d 528 (Fla.1999)(one missed report not enough to support revocation); and Butler v. State, 775 So.2d 320 (Fla. 2d DCA 2000)(same) with Schwartz v. State, 719 So.2d 965 (Fla. 4th DCA 1998)(one missed report enough); Strunk v. State, 728 So.2d 320 (Fla. 5th DCA 1999)(same). But see Jess v. State, 384 So.2d 328, 329 (Fla. 3d DCA 1980).