816 So.2d 677 (2002)
Marcus Alton DELEE, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D01-1004.
District Court of Appeal of Florida, Third District.
March 27, 2002.
*678 Bennett H. Brummer, Public Defender, and Robert Godfrey, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Roberta Mandel, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., FLETCHER and SORONDO, JJ.
SORONDO, J.
Marcus Alton Delee challenges an order revoking his probation. Delee alleges that the revocation of probation must be reversed as missing just one monthly report is not a material violation and therefore not sufficient to support revocation. We disagree and affirm the trial court's order.
Delee was placed on probation on February 24, 1998. His probation officer filed an affidavit of violation of probation in October 1998, alleging violation of four conditions of probation: failing to submit a monthly report for September 1998, failing to pay fifty dollars per month toward cost of supervision, changing residence without permission and failing to participate in the domestic violence intervention program. After conducting a hearing, where Delee's probation officer testified, the trial court revoked defendant's probation after finding a violation of only one conditionthe failure to submit his monthly report for September 1998.[1] The court sentenced Delee to five years in state prison.
The defense filed a motion to mitigate the sentence, which the court granted, and defendant's sentence was mitigated to forty months.
Delee argues that his failure to file one monthly report was not a substantial violation of probation. We disagree. Probation is the mildest form of punishment, see Williams v. State, 479 So.2d 861, 862 (Fla. 4th DCA 1985), and is handed down as a matter of grace rather than right. Bernhardt v. State, 288 So.2d 490, 494 (Fla.1974). Probation is usually granted on the basis that defendant is not likely to repeat his criminal conduct and can be rehabilitated while at liberty under supervision. Id. As such, it is expected that a defendant, who has been treated leniently by the court by being placed on probation in the first instance, will comply with the terms of his probation.
It is uncontested that Delee did not comply with the terms of his probation. He also did not provide any explanation as to why he did not file his monthly report or state any problem he had with fulfilling this requirement. Rather, Delee contends that as he only violated his probation once, there is not sufficient evidence to support revocation.
In Diller v. State, 711 So.2d 54 (Fla. 5th DCA 1998), the Fifth District Court of Appeal recognized the importance of filing monthly reports and stated:
[I]f a condition of probation is valid, then the trial judge should have the discretion to consider the violation of such condition to be material. That is particularly true of the requirement to file monthly reports. It is through these reports that continuing supervision over one on probation is maintained. If the *679 court can not insist that these reports be filed, then probation ceases to be a viable alternative to incarceration.
Id. at 55.
Like the Fifth District, we also believe that filing a monthly report is a valid and important condition of probation and failure to do so can result in a revocation of probation. See e.g., Williams v. State, 811 So.2d 814, (Fla. 3d DCA 2002); Beard v. State, 684 So.2d 344 (Fla. 3d DCA 1996); McLaurin v. State, 585 So.2d 473 (Fla. 3d DCA 1991). The only question that remains is whether failing to file a monthly report once is a material, substantial violation of probation. While we recognize there may be exceptions, we find once is enough. See Strunk v. State, 728 So.2d 320 (Fla. 5th DCA 1999)(failure to file one monthly report sufficient ground for revocation); Schwartz v. State, 719 So.2d 965 (Fla. 4th DCA 1998)(same); Burgin v. State, 623 So.2d 575 (Fla. 1st DCA 1993)(same). But see Carter v. State, ___ So.2d ___, 24 Fla. L. Weekly D1063, 1999 WL 289215 (Fla. 1st DCA 1999) review granted, 740 So.2d 528 (Fla.1999)(one report by itself is not a substantial violation); Butler v. State, 775 So.2d 320 (Fla. 2d DCA 2000)(same).
The suggestion that probation cannot be revoked, as a matter of law, on the basis of a single failure to report minimizes the importance of the reporting requirement, i.e., the supervisory component of probation,[2] and completely ignores the fact that leniency has already been extended to the offender. We refuse to hold that having received a compassionate sentence of probation, criminal defendants are further entitled, as a matter of right no less, to yet another free bite at the apple.[3]
We concede that there are innumerable circumstances under which the failure to file a single report cannot, or should not result in a revocation of probation. See Robinson v. State, 744 So.2d 1188 (Fla. 2d DCA 1999)(defendant did not willfully and substantially violate the condition of probation by failing to report to probation officer, where defendant's previous officer had always gone to defendant's home to do the monthly reports, due to defendant's mental condition); Drayton v. State, 490 So.2d 229 (Fla. 2d DCA 1986)(defendant did not willfully violate probation by failing to file report by the fifth of the month, where the first was a legal holiday and defendant was in custody from the second through the fifth of the month); Shaw v. State, 391 So.2d 754 (Fla. 5th DCA 1980)(defendant's failure to submit report on time due to fact he had no transportation was not willful violation, where there was also undisputed evidence that the report was completed on time).
Even where the evidence establishes that the failure to report was wilful and *680 substantial, there may still be a place for understanding and compassion where the probationer has fulfilled all probationary terms and inadvertently fails to comply one time. Whether the circumstances compel such understanding and compassion, however, is a matter best left to the sound discretion of our trial judges. This discretion must necessarily include the power to revoke probation on the basis of a single failure to report.
Delee offered no reasonable explanation for failing to report on the occasion at issue. We therefore find the failure to file a monthly report in this case to be sufficient in itself to support a revocation of probation. Accordingly, we conclude that the trial court did not abuse its discretion in finding that defendant willfully and substantially violated probation. We affirm the trial court's order and certify direct conflict with Carter v. State, ___ So.2d ___, 24 Fla. L. Weekly D1063 (Fla. 1st DCA 1999) review granted, 740 So.2d 528 (Fla.1999) and Butler v. State, 775 So.2d 320 (Fla. 2d DCA 2000).
Affirmed; direct conflict certified.
NOTES
[1] The court did not violate the defendant on the other violations as only hearsay evidence was offered.
[2] It is important to understand that in the absence of special conditions, the only responsibilities of the probationer are the monthly report and the cost of supervision, both of which are performed at the same time, and the latter of which is often waived due to the accused's indigence. Accordingly, with the exception of a once monthly visit to the assigned probation officer, most probationers' lives are returned to exactly what they were before he or she committed the crime in question.
[3] We further note that although probation is generally reserved for offenders in cases involving non-violent or "not-so-serious" crimes, this is not always the case. For example, in cases involving the sexual molestation of children, the state is often forced to offer (and the presiding judge to accept) a sentence of probation in order to spare an already traumatized child victim the additional trauma of having to testify against a friend, relative or even a parent. To suggest that an offender who has been placed on probation under these circumstances is also entitled, as a matter of right, to one reporting violation is totally unacceptable.