PER CURIAM.
Bradley Leonard appeals an order summarily denying his rule 3.850 motion for postconviction relief. We affirm without discussion as to the first and second grounds of the motion, but reverse and remand as to the third and fourth grounds.
After being placed on probation in this 1990 case, Leonard was charged with violating his probation by committing new *989 offenses in- Rhode Island, a warrant issued, he waived extradition, and signed a written plea of violation of probation, agreeing to a sentence of seventeen years in prison with credit for five years time served. His probation was revoked and he was sentenced on December 1, 2000. Thereafter, within the time for filing a notice of appeal, defense counsel moved for correction or modification of sentence, seeking additional jail credit. The trial court denied the motion and Leonard’s direct appeal was limited to the single issue of whether the trial court abused its discretion in not awarding him credit for time served in Rhode Island after his Florida warrant was served on him. This court affirmed per curiam without opinion and the mandate issued on June 21, 2002. Leonard v. State, 819 So.2d 786 (Fla. 4th DCA 2002).
In the instant motion, Leonard claimed that, prior to his violation of probation plea hearing, his attorney advised him that if he entered the plea, he would be sentenced to 17 years — but that he would receive credit for the time previously served in Florida’s Department of Corrections, the 119 days he had served in county jail since his extradition from Rhode Island, and the time he served in Rhode Island after the “warrant/detainer” was served on him in Rhode Island on January 4, 1996, which was almost another 5 years. He was led to believe that the state had agreed to that amount of credit. At the hearing, however, the trial court would not take Leonard’s or his attorney’s word for the date when the warrant/detainer was lodged against him, crediting him with time served in Rhode Island on this case only from September 19, 2000.' However, the judge indicated she would be happy to change the sentence to increase the amount of credit if counsel provided her with documentation, within sixty days after sentencing, for an earlier date of service of the warrant. Thus, he entered his plea firmly believing he would be awarded the additional credit from January 4, 1996, to September 19, 2000. Nevertheless, when counsel filed a timely motion to correct and/or modify sentence two weeks later, attaching the relevant documents, the trial court denied the motion.
In his third ground for relief, Leonard argued that he was deprived of due process by the trial court’s breach of the plea agreement and/or breach of promise. He claimed that, in large part, he agreed to the plea based on the state’s agreement to allow him credit for the time served in Rhode Island after service of the warrant/detainer, and the trial court should have been required to credit him with it. He contended that the trial court’s reneging on its agreement to allow the credit upon his providing the documentation should entitle him to withdraw his plea.
In his fourth ground, Leonard argued that he was denied effective assistance of counsel and/or entered an involuntary plea to violation of probation because he entered his change of plea based on counsel’s advice that he would receive credit for the time served in Rhode Island after service of the warrant/detainer, but that advice turned out to be misadvice when the trial court reneged on her promise. He stated that there was a reasonable probability that he would not have entered his plea, but would have proceeded to trial, had he known he would not be credited with the nearly five years of Rhode Island time.
Leonard asked the trial court to credit him with the time served from January 4, 1996, to September 19, 2000, or, alternatively, to allow him to withdraw his plea to the violation of probation.
We agree with the state that, to the extent Leonard’s motion still sought credit for the time served in Rhode Island, he was procedurally barred; his prior motion *990 seeking that precise credit was denied on the merits and the denial was raised and rejected on direct appeal. See Kronz v. State, 462 So.2d 450 (Fla.1985) (noting trial judge has inherent discretionary authority to grant credit for time served in other jurisdictions while awaiting transfer to Florida and thus should consider the appropriateness of an award of credit for the time served when incarcerated in another state solely because of the Florida offense for which the defendant is being sentenced).
However, the transcript of the plea colloquy does not refute Leonard’s claim that he entered his plea with the understanding that he would receive the credit. While the trial judge explained she would grant the credit only if he could show that he was “actually in custody on my warrant at that time,” she did not make it clear that he was entitled to credit only if he was in custody only on the warrant in this case.[1] Nothing in the plea colloquy conclusively refuted the claim that he reasonably believed his documentation would be sufficient to show that he was entitled to the credit, that his decision to admit the violation of probation “rested in large part upon the state’s agreement” to allow him the Rhode Island credit and that, but for the promise of the credit, “there is a reasonable probability he would not have entered his plea, but, would have proceeded to trial.” To the extent he so believed and was so misadvised, he has stated a legally sufficient claim of involuntary plea or ineffective assistance of counsel that may be sufficient to entitle him to withdraw his plea to violation of probation. See Cousino v. State, 770 So.2d 1258 (Fla. 4th DCA 2000) (noting that prejudice prong of Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), is satisfied by allegation that, but for counsel’s error, there is a reasonable probability that defendant would not have entered plea but would have gone to trial).
Accordingly, we reverse the summary denial of the third and fourth grounds for relief for further proceedings.
Affirmed in part, reversed in part, and remanded.
KLEIN, GROSS and TAYLOR, JJ., concur.

. Leonard explained that he was serving time in the Rhode Island case until September 2000, but service of the warrant/detainer in the instant case upon him on January 4, 1996, caused him to be removed from the minimum custody/work release facility where he was serving his Rhode Island sentence and to be placed instead in a close custody maximum security prison for the rest of his Rhode Island sentence.