THOMAS, J.
We have before us Appellant’s challenge of revocation of probation, arguing that the trial court revoked his probation based on a violation not charged in the violation of probation affidavit. Because the record shows that the trial court relied on the charges enumerated in the affidavit, we affirm.
An affidavit of violation of probation was filed against Appellant alleging that he failed to make payments toward his cost of supervision; he left his county of residence without his probation officer’s permission; he was arrested for grand theft, possession of cocaine, and possession of drug paraphernalia; he used illegal drugs; and he failed to make payments toward his restitution. At the hearing, Appellant admitted that he left his county of residence without his probation officer’s permission, that he was arrested for new law violations, and that he tested positive for cocaine. The State also presented testimony that Appellant had stolen tires from a warehouse.
At the conclusion of the hearing, the trial court made the following remarks:
So what — I did hear testimony — very credible testimony about burglary of a structure, theft of the tires. The violation doesn’t say that, but you’re on notice of what the allegation was.
I heard testimony of burglary of a structure — a warehouse — and the theft of the tires. He’s got prior felony petty theft convictions, so that would be testimony of a felony theft, temporarily or permanently depriving the owner of the right to use them.
Appellant relies on these statements to argue that the trial court revoked his probation based on a charge of burglary that was not included in the affidavit of violation of probation.
The judgments of a trial court are clothed with a presumption of correctness, and Appellant has the burden of showing that the trial court erred. § 924.051(7), Fla. Stat. (2003); Savage v. State, 156 So.2d 566, 568 (Fla. 1st DCA 1963). In this case, Appellant failed to establish any reversible error on the part of the trial court. The overwhelming evidence in the record establishes that the trial court relied on the charges listed in the affidavit to revoke Appellant’s probation.
Although the trial court referred to the testimony about a possible burglary, it specifically acknowledged that a charge of burglary was not included in the affidavit. The trial court also referred to Appellant’s use of drugs, leaving the county without his probation officer’s permission, and using his money to buy drugs instead of paying his costs of supervision and restitution before the court announced that it was revoking Appellant’s probation. Additionally, the trial court never stated during the hearing that the reason it was revoking Appellant’s probation was due to Appellant’s involvement in the uncharged burglary, and the written order of revocation does not include the burglary charge. Cf. Perkins v. State, 842 So.2d 275 (Fla. 1st DCA 2003)(holding that the trial court erred when it announced that it was revoking appellant’s probation based on an uncharged violation of absconding). The trial court’s comments do not rise to the level of reversible error.
Even if the trial court partially based its decision to revoke Appellant’s probation on the uncharged burglary, the order of revocation is affirmed due to Appellant’s admission to numerous other violations which were charged in the violation of probation affidavit and the trial court’s repeated comments that Appellant did not deserve to be on probation. Rojas v. State, 484 So.2d 629, 630 (Fla. 3d DCA 1986)(affirm-ing an order revoking probation where three out of the five alleged violations were properly established); Boyink v. State, 480 *1230 So.2d 210, 211 (Fla. 1st DCA 1985) (same); cf. LeMaster v. State, 765 So.2d 259, 260 (Fla. 1st DCA 2000) (holding that it was necessary to remand the order revoking probation where it was unclear from the record that the trial court would have revoked the appellant’s community control on sole remaining violation). We therefore affirm the trial court’s order of revocation of probation.
AFFIRMED.
VAN NORTWICK and POLSTON, JJ., concur.