913 So.2d 84 (2005)
Cedric GILBERT, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-4480.
District Court of Appeal of Florida, Second District.
October 19, 2005.
*85 NORTHCUTT, Judge.
Cedric Gilbert appeals the summary denial of his timely motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Gilbert's motion asserted three claims. We affirm the denial of his second and third claims without comment. We reverse as to the remaining claim, in which Gilbert alleged that his admission to violating probation was involuntary because his counsel failed to investigate his possible defense.
Gilbert previously was sentenced to twenty-four months' probation, which was conditioned on his completing an eighteen-month drug treatment program. During the course of his probation, Gilbert was terminated from his drug treatment program for improperly speaking with a female client. He was then arrested for three alleged violations of his probation: (1) failure to complete the drug treatment program; (2) failure to seek permission to change his residence; and (3) failure to report to his probation officer as instructed. Gilbert admitted the violations, and he was sentenced to 29.1 months' incarceration with jail credit for time served.
In his rule 3.850 motion, Gilbert claimed that his counsel failed to investigate the defense that he did not willfully and substantially violate probation. According to Gilbert, he advised counsel that Yasmin Perez, the female client with whom he was accused of speaking, was available to testify that he did not intentionally break the no-speaking rule. Gilbert alleged that counsel did not investigate and depose Perez despite assuring Gilbert that he would do so. Gilbert claimed that if counsel had been effective by investigating and deposing Perez, he would have proceeded to a revocation hearing rather than admitting the violations.
*86 The postconviction court denied Gilbert's claim as failing to prove the prejudice prong of the test set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under that portion of the Strickland test, a defendant seeking postconviction relief based on ineffectiveness of trial counsel must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. 466 U.S. at 694, 104 S.Ct. 2052. Here, the postconviction court reasoned that even with Perez's testimony, Gilbert's defense would have failed and a revocation court could have found him in violation of probation.
This was error. Gilbert's case was not tried. Rather, he alleged that he forewent a revocation hearing because of his counsel's ineffectiveness. Therefore, when determining the probability that the outcome of the proceeding would have been different, the "proceeding" the postconviction court should have examined was not a hypothetical revocation hearing, but the plea proceeding. Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). The deficiency prong in Hill mirrors that in Strickland, but the prejudice prong is asserted by demonstrating "a reasonable probability that, but for counsel's errors, [the defendant] ... would have insisted on going to trial." 474 U.S. at 58-59, 106 S.Ct. 366. Therefore, a defendant who admits to violating probation, but thereafter claims that counsel failed to investigate the defendant's possible defenses, establishes prejudice by demonstrating a reasonable probability that, but for counsel's errors, the defendant would have insisted on proceeding to a revocation hearing. See Grosvenor v. State, 874 So.2d 1176, 1181 (Fla.2004).
To meet the prejudice prong, a defendant is not required to allege that the defense would have succeeded. Grosvenor, 874 So.2d at 1177. Gilbert's motion asserted that he would not have admitted the violations but for his counsel's failure to investigate Perez, who would have cast doubt as to his alleged willful and substantial violation of probation at a revocation hearing. This allegation sufficiently identified the requisite prejudice. See Smith v. State, 815 So.2d 707, 707 (Fla. 1st DCA 2002) (holding that motion for postconviction relief was legally sufficient where it alleged that defendant would not have entered plea if counsel had properly investigated a potential witness); Leonard v. State, 884 So.2d 988, 990 (Fla. 4th DCA 2004) (holding that rule 3.850 motion alleging that defendant would not have admitted violating probation but for counsel's incorrect advice about his entitlement to credit for time served in another state was legally sufficient); Cousino v. State, 770 So.2d 1258, 1260 (Fla. 4th DCA 2000) (noting that prejudice prong is satisfied by allegation that, but for counsel's error, there is a reasonable probability that defendant would not have entered plea but would have gone to trial).
When denying Gilbert's motion, the postconviction court mistakenly focused on the likelihood that Gilbert would be found to have violated his probation even with Perez's testimony. As demonstrated above, that was not the correct test of the legal sufficiency of his motion. However, the viability of a defense is one of the circumstances to be considered when determining whether there is a reasonable probability that if counsel had not been ineffective the defendant would have gone to trial rather than pleading. Grosvenor, 874 So.2d at 1180, 1181-1182. For this reason, we address two other troubling aspects of the postconviction court's reasoning as they may bear on its perception *87 of the viability of Gilbert's proposed defense.
First, the postconviction court noted that it was not empowered to review and reverse the drug treatment program's decision to terminate Gilbert and that, based on the probation officer's affidavit of violation, the program apparently possessed tangible proof of the banned communication in the form of letters. To be sure, the postconviction court could not reverse the treatment center's decision. But at a revocation hearing, the court could consider the circumstances of Gilbert's termination from the program and determine whether his violation was "willful and substantial." See Butler v. State, 775 So.2d 320, 321 (Fla. 2d DCA 2000). At that hearing Gilbert could test the State's purported evidence and present evidence to demonstrate that he did not willfully violate the rules.
Second, the postconviction court reasoned that Gilbert's motion failed to allege prejudice because, even with Perez's testimony, the court could have found that Gilbert violated his probation based on the other two violations. See Riggins v. State, 830 So.2d 920 (Fla. 4th DCA 2002). But this does not mean that after hearing Gilbert's evidence at a revocation hearing the court would have found that Gilbert "willfully and substantially" violated any of the conditions. Indeed, the limited record before us suggests the possibility that the other two probation violations were subsidiary to Gilbert's ejection from the treatment program. "Probation can be revoked only on the basis of a willful and substantial violation, which must be shown by the greater weight of the evidence." Butler, 775 So.2d at 321. However, "[t]here may be circumstances where revocation is patently unfair." State v. Carter, 835 So.2d 259, 262 (Fla.2002). If, after a revocation hearing, Gilbert's termination from the drug treatment program was found to have stemmed from an unintentional transgression, then it might be patently unfair to revoke Gilbert's probation based on the other two violations if they would not have arisen but for his termination.
Gilbert's first claim was facially sufficient, and it is not conclusively refuted by the record before us. On remand, the postconviction court must either attach those portions of the record conclusively refuting Gilbert's claim or consider the merits of his claim in an evidentiary hearing. If the postconviction court determines that Gilbert's counsel was ineffective and that he was prejudiced thereby, then it should permit Gilbert to withdraw his plea and proceed to a revocation hearing pursuant to section 948.06(2), Florida Statutes (2003).
Affirmed in part, reversed in part, and remanded with directions.
KELLY and CANADY, JJ., Concur.