CASANUEVA, Judge.
 

 Charged originally with capital sexual battery, in May 2005 Kenneth Lamkin entered a negotiated plea to attempted sexual battery under which he was sentenced to sixteen years’ imprisonment followed by ten years of sex offender probation. His direct appeal was affirmed without a written opinion.
 
 Lamkin v. State,
 
 918 So.2d 301 (Fla. 2d DCA 2005) (table decision). Subsequently, Lamkin filed a motion pursuant to Florida Rule of Criminal Procedure 3.850 alleging eight claims of ineffective assistance of counsel. The postconviction court summarily denied all eight claims. We affirm as to seven of the claims without further discussion but reverse and remand as to claim 3 to allow Lamkin an opportunity to amend his motion to state a facially sufficient claim.
 

 In claim 3, Lamkin alleges in very general terms that his plea was involuntary because counsel misadvised him that he had no viable defense. Because Lamkin failed to identify what defense or defenses he would have raised at trial, the postcon-viction court denied the claim on the ground of facial insufficiency.
 
 [1]
 
 The court was correct in noting that such a claim is facially insufficient.
 
 See Spera v. State,
 
 923 So.2d 543 (Fla. 4th DCA 2006),
 
 quashed on other grounds,
 
 971 So.2d 754 (Fla.2007). Shortly before the date of the postconviction court’s order, however, the
 
 *2
 
 Florida Supreme Court held that “when a defendant’s initial rule 3.850 motion for postconviction relief is determined to be legally insufficient for failure to meet either the rule’s or other pleading requirements, the trial court abuses its discretion when it fails to allow the defendant at least one opportunity to amend the motion.”
 
 Spera,
 
 971 So.2d at 761.
 

 Following
 
 Spera,
 
 we reverse and remand as to claim 3 to allow Lamkin to file an amended claim — if he “can do so in good faith,”
 
 id.
 
 at 762 — in which he identifies a defense or defenses that he believes trial counsel should have raised. Lamkin should be aware that, to show prejudice, it is his burden to demonstrate a reasonable probability that, but for counsel’s errors, he would have insisted on going to trial.
 
 See Gilbert v. State,
 
 913 So.2d 84, 86 (Fla. 2d DCA 2005) (citing
 
 Hill v. Lockhart,
 
 474 U.S. 52, 58-59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985));
 
 see also Grosvenor v. State,
 
 874 So.2d 1176, 1181-82 (Fla.2004).
 

 Affirmed in part, reversed in part, and remanded.
 

 KELLY and WALLACE, JJ., Concur.
 

 [1]
 

 . We reject the court’s other reason for denying the claim: that at the plea colloquy Lam-kin was made aware of what the State would have to prove and that by pleading guilty, he accepted the factual basis set forth by the State and thus confessed to the offense.
 
 See Major v. State,
 
 814 So.2d 424, 427 (Fla.2002) (noting that a plea is "in effect, a confession in open court as to the facts alleged” (citation and internal quotation marks omitted)). Even if a guilty plea can be considered tantamount to a confession, it is always the defendant’s right — and perhaps especially so when a defense is available — not to confess but instead go to trial and force the State to meet its burden.
 
 See
 
 U.S. Const, amend. VI;
 
 see also, e.g., Harris v. United States,
 
 536 U.S. 545, 549, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002) (“In all criminal prosecutions, state and federal, the accused shall enjoy the right to trial by an impartial jury at which the government must prove each element beyond a reasonable doubt.” (citations, internal quotation marks, and ellipses omitted)).